## LEARMONTH et al. *vs.* VEEDER.

APPEAL FROM CIRCUIT COURT, COLUMBIA COUNTY.

Heard February 10.]                    [Decided May 4, 1860.

*Referee—Pleadings—Appeal—Costs—Evidence—Contract—Practice.*

Where a referee appointed to try all the issues in a case, reported, the finding of the facts and the law, and the plaintiff moved for judgment, and the defendant moved to modify the report so as to make it conform to the complaint, by re-

Learmonth et al. vs. Veeder.

jecting the evidence which was not supported by allegations : Held, that the
court could not on such motions order the plaintiff to amend upon payment of
all costs, and submit to a new trial.

If an order simply grants or refuses judgment on the report of a referee, the
supreme court, on appeal, will look into the whole case, to see whether the
order was correct or not, without reference to the reasons assigned by the court
below for its judgment.

Where a referee commits an error in the course of the trial, which does not grow out
of the plaintiff's pleading, and for which the defendant is entitled to have the
report set aside, and a new trial granted, the plaintiff should not be required to
pay all the costs of the former trial ; but they should be left to abide the event
of the suit.

In acting upon the report of a referee, the circuit court is placed in the same posi-
tion as the referee, with reference to the whole questions both of fact and law,
except that it is to decide upon the return only.

Where a complaint stated no cause of action sufficiently to admit the evidence, and
the defendant objects, the evidence should be rejected, the report altered ac-
cordingly, and judgment given for the defendant, unless the plaintiff asks leave
to amend the complaint.

In declaring upon a building contract, which has been completed, it is not necessary
to set forth in the complaint the plans and specifications alluded to in the con-
tract, in order to authorize their admission in evidence.

The identity of the plans and specifications alluded to in a contract may be estab-
lished by parol evidence, without setting them forth in the pleadings, by at-
taching copies of the plates, &c.

As under the old practice a plaintiff could recover in *indebitatus assumpsit*, on a con-
tract completed, so, under the new, it is sufficient to set forth the contract fully,
referring to the plans and specifications, and aver full performance.

Where a complaint founded on a contract is insufficient for want of certainty, the
defendant should move to make it more definite and certain, and not answer
that the plaintiff did not perform his contract, and then object to the evidence
for want of certainty in the complaint.

On an appeal from an order, the supreme court can affirm, reverse or modify the or-
der, but will not examine all the questions presented to the circuit judge, and
decide what order he should have made ; that is, under the power to modify the
order appealed from, this court will not make a new order.

This was an action commenced by James Learmonth and
A. Carnagie, against Richard F. Veeder, to enforce a mechan-
ic's lien in building a hotel building in the city of Portage.

The facts in the case will sufficiently appear in the opinion
of the court.

*Tenney & Clark,* and *C. T. Wakeley,* for the appellants.
*Alvah Stewart,* for the respondent.

*By the Court*, PAINE, J. This action was brought to recover a balance claimed on a contract for building a house, and to enforce a mechanic's lien thereon. It was by stipulation referred to a referee to try and decide all the issues in this case. It was tried before him, and he decided in favor of the plaintiffs, and reported the facts and conclusions of law found by him. Upon his report the plaintiffs moved for judgment, and the defendant moved to set aside or modify the report, and the court made an order setting aside the report and all proceedings before the referee, at the plaintiffs' costs, and referring it back for a new trial, with leave to the plaintiffs to amend on payment of costs. The reason given for this order, as stated by counsel, though it does not expressly appear of record, was, that no contract was set out in the complaint, and that therefore the evidence before the referee had been improperly admitted.

If the order had simply granted or refused judgment on the report, alleging any particular reason therefor, it would, on an appeal, have been necessary for this court to look at the whole case to see whether the order was really correct or not, without reference to the reason assigned. But it seems evident that here the order appealed from can only be justified by the existence of the very reason which it is said the court gave for it. The plaintiffs did not ask for a new trial, nor for leave to amend, but insisted on his right to judgment on the report. If the referee had committeed any error by which the defendant was entitled to have the report set aside, such error not growing out of any fault in the plaintiffs' pleadings, certainly the plaintiffs ought not, on granting a new trial for such reason, to have been required to pay all the costs of the former trial, but they should have been left to abide the event. And it is evident from the orders granting leave to the plaintiffs to amend on the payment of the costs, that it was made upon the idea that none of the plaintiffs' evidence had been

admissible by reason of some fatal defect in their pleadings. And if this was so, it would seem that unless the plaintiffs asked leave to amend, judgment should have been given for the defendant on the report.

The power given to the court on reviewing the report of a referee, by sec. 23, chap. 132, R. S., 1858, is very ample, and places the court in the same position as the referee, with reference to the whole questions, both of fact and law; except that he is to decide upon the return. This section is quite different from that in the New York Code upon this subject, and their decisions upon the matters which the court will review on the report of a referee are inapplicable here. If, therefore, the plaintiff's complaint stated no cause of action, sufficiently to admit the evidence, the objection to the evidence should have been sustained, the report altered accordingly, and judgment given thereon for the defendant, unless the plaintiffs asked leave to amend, and then the terms imposed would have been proper. *Lyon vs. Blossom*, 4 Duer, 318.

It is nesessary, therefore, to determine whether the complaint was sufficient. It sets forth the building contract entire, but does not show either as an exhibit or otherwise, the plan and specifications referred to in the contract. This was the chief objection urged against it. On the trial before the referee, the plaintiffs offered in evidence the contract, with the plan and specifications annexed, which was objected to for the reason that the plan and specifications were not sufficiently described in the complaint. The objection was overruled and exception taken. The plaintiffs also showed by parol that the plan and specifications annexed to the contract were the ones referred to in it, and upon which the house was built. This also was objected to and exception taken.

The question then is, whether, in a complaint on a building contract, it is necessary to set forth the plans and specifications mentioned in it, in order to authorize their admission

in evidence. And we think it is not. Chiefly for the reason, that in many cases it would be utterly impracticable. The plans and specifications of buildings are usually prepared by architects, and require great skill and experience. They consist sometimes of extensive and complicated plates or drawings, which it would often be exceedingly inconvenient, if not utterly impracticable to attach to and make a part of the pleadings in a case. Besides, it is supposed that lawyers are to be able to prepare pleadings. But if these plans and specifications are to be made a part of them, attorneys would be unable to make the pleadings until they had added to their legal education, that of architects also. For if it is a question of identity, as it seems to have been made here by the objection urged, it would seem that the most exact copy would be required.

These considerations lead to the conclusion, that these plans and specifications, although referred to in the contract, and being so much a part of it, that they are material to be known in order to determine what it requires, are yet, from their very nature, so far incapable of being inserted in the pleadings, that it must be held sufficient to refer to them as the parties refer to them in the contract, leaving their identity, in case of dispute, to be established by parol evidence.

Contracts may easily be imagined, under which such evidence would be absolutely essential. Thus, if one should contract to build a house, or a machine, or any thing else, like some other thing of the same kind then in existence, the pleader, from necessity, could only allege that he had built it like the other referred to. If there was a dispute as to what was referred to, it must be established by parol evidence. And even after established, the form, size, and characteristics of the thing itself, would also have to be shown by parol. This results from the very nature of the case. And although plans and specifications are capable of being intro-

Learmonth et al. vs. Veeder.

duced in evidence, when their identity is established, and are, therefore, required to be produced, we cannot see why, so far as the question of identity is concerned, they may not be regarded as pictures or drawings of a house, capable of being shown by parol to have been the ones like which the house contracted for was to be built, as well as it might be thus shown that any particular house in existence was the one mentioned in a contract like which another was to be built. Suppose, also, a contract for a house to be built according to plans and specifications, to be thereafter prepared by a certain architect? It would, of course, be competent to prove that those offered were so prepared. And it seems to us from these and other illustrations that might be mentioned, that the identity of plans and specifications referred to in a contract, is liable to be established by parol evidence, and that it is not necessary to set them forth in such manner in the pleadings, or connected with them, that the court can see that those offered in evidence are the ones declared on.

No case was cited in which the point has been decided, and after diligent search, we have been unable to find any. But in the forms given in 2 Chitty's Pl., 332 and 331, this mode of declaring is used. In one form the language is "agreeably to certain plans thereof, then in the possession of the defendant." In the other it is, "agreeably to certain plans and particulars then and there made and agreed upon by and between said plaintiff and defendant," &c. And it seems to us to come fully within the spirit and intent of the rule which is thus stated in Van Santvoord's Pl., 333; "when a subject comprehends a multiplicity of matters it is not necessary to set them forth in detail, but where great prolixity would be avoided, or the allegation on the other side must reduce the matter to a certainty, a general mode of pleading is allowed."

And under the old practice the plaintiffs might have re-

covered on the *indebitatus assumpsit* count for work and labor, notwithstanding there was a special contract, if they could show it to have been completely performed by them, so as to leave nothing but a debt due from the defendant. 1 Chitty. Pl., 340; 2 Saund. on Pl. and Ev., 1292, and cases cited. It is there stated that in such case the plaintiff may recover under the *indebitatus* count, " and give the circumstances in evidence." And if under the old system the general count, which conveyed to the other party no information of the contract at all, was sufficient to admit proof of it, and of a complete performance according to the specifications, we think that under the present system, which certainly was not intended to be more strict or technical, it should be held sufficient to set forth the contract fully, referring to the plans and specifications, and averring full performance accordingly. This we deem sufficient where the plaintiffs claim to have fully performed, and it would seem impossible that any defendant could ever be misled by it, or fail to be apprised of the nature of the plaintiffs' claim.

But we think, further, that if there was any objection to the complaint in this respect, it was only for want of sufficient certainty, and that the only remedy of the defendant was to move to make it more definite and certain. And he could not, as he did, answer that the plaintiffs did not perform " according to the plans and specifications mentioned," implying that he had full knowledge what they were, and then raised this objection on the trial.

There was one other objection urged, which was that the evidence offered to show a change in the roof by the agreement of the parties, and the completion of the roof according to the new agreement, was inadmissible, under the complaint which averred performance of the original agreement. The case of *Colt vs. Miller*, 10 Cush., 49, and *Smith vs. Brown*, 17 Barb., 431, would seem to sustain this objection. But

Learmonth et al. vs. Veeder.

even if correct, we do not think it sustains the order made; but that if the plaintiffs' case was unsustained by proof, the report should have been altered, and the defendants had judgment, unless the plaintiffs asked leave to amend. But even if this objection was good, the question still remained, whether its effect was avoided by the allegation that the defendant had accepted the building, and the evidence thereon, so as to bring the case within the principle of *Taylor vs. Williams*, 6 Wis., 343. Upon these questions in the case, upon which the circuit court has not passed, we shall not express any opinion; as well for want of time to examine them, as because on appeal, being only entitled to affirm, reverse, or modify the order appealed from, we do not think we are required to examine and settle all the questions arising upon the report. But only to look into it so far as to determine whether the order appealed from should be affirmed, reversed, or modified. And we do not think that under the power to modify, it was intended that we should examine all the questions that were presented to the circuit judge, even though he did not pass upon them, and decide what order he should have made. This would go to the extent of an entire reversal of the order appealed from, and making a new one, based upon considerations not presented at all in the other. The word *modify* implies some qualification of the order appealed from, or some addition to it. It is something less than an entire reversal, and imports that some part of the order is left in force after the modification.

We are, therefore, of the opinion that the order appealed from must be reversed, and that the circuit court should proceed to give judgment on the report, as the law and evidence may require.

The order is reversed, with costs, and the cause remanded for further proceedings.