## ROBB v. BREWER ET UX.

1. **Exemption**: PROPERTY OF WIFE PURCHASED WITH EXEMPT EARNINGS OF HUSBAND: EXEMPT FROM HUSBAND'S DEBTS. The use by the husband of his personal earnings in payment for property purchased by his wife amounts, in legal contemplation, to the gift of such earnings to the wife; and, as the earnings were exempt from execution at the time they were so disposed of, the gift thereof was no fraud upon the husband's creditors, and they could not subject the property so purchased to the satisfaction of a judgment against the husband.

*Appeal from Marshall District Court.*

TUESDAY, APRIL 3.

THIS is an action in equity to subject the homestead of the defendants, who are husband and wife, to the satisfaction of a judgment recovered by the plaintiff against the defendant, J. A. Brewer. The cause was tried to the court upon an agreed statement of facts. The death of Harrison Robb was suggested, and Hester A. Robb, his widow, and beneficiary under his will, was substituted as plaintiff. The court decreed that the property in question be subjected to the payment of plaintiff's judgment, and that out of the proceeds of

the sale thereof there be first paid to Elizabeth F. Brewer the sum of $28.75. The defendants appeal.

*J. M. Parker*, for appellants.

*W. H. Hammond*, for appellee.

DAY, CH. J.—The agreed statement upon which the cause was determined in the court below presents the following material facts: "On the first day of October, 1873, the defendant, J. A. Brewer, executed to one W. I. Peake his promissory note for the sum of three hundred dollars, with the plaintiff, H. Robb, as a surety. J. A. Brewer failed to pay the note when it became due, and judgment was recovered thereon in September, 1875, which judgment the plaintiff, as surety, paid in full January 8th and April 5th, 1876. On the 14th day of February, 1879, H. Robb obtained a judgment against the defendant, J. A. Brewer, in the sum of $162.60, which judgment was for the money paid by plaintiff as surety for the defendant, J. A. Brewer, and is wholly unsatisfied. On the 20th day of March, 1879, H. Robb assigned this judgment to C. B. Rhoades, and on the 21st day of October, 1881, C. B. Rhoades reassigned it to H. Robb. The defendants went into the occupancy of the premises described in the petition as a homestead, in October, 1879, and now occupy them as such. Said premises were bought with the joint funds of the defendants. The defendant, Elizabeth F. Brewer, furnished the defendant, J. A. Brewer, her husband, with $25, which amount, and interest thereon at the rate of ten per cent per annum for the period of about eighteen months, together with an amount sufficient to make $150, was the purchase price of the lots in question. The purchase was made in October, 1874. The lumber and material used in the construction of the house upon said premises were worth about $110 at the time the house was built. Afterwards defendant added a summer kitchen, the lumber and

material of which cost about $20. The defendant, J. A. Brewer, is a carpenter and joiner by trade, and works at his trade to support his family. All the money paid out and expended in the purchase and improvement of said premises, except the $25 and interest as aforesaid, the property of Elizabeth F. Brewer, was the wages earned by the defendant, J. A. Brewer, in his trade of carpenter and joiner, working by the day and piece, all of it being applied in payment of said premises within ninety days after the same was earned. The defendant, Elizabeth, has been in the habit of keeping boarders, and has also done sewing, and the money so earned has been used in the support of the family and painting the house inside. The original contract of purchase of the lots was in writing, and in the name of the defendant, Elizabeth F. Brewer. Afterward a deed was executed to her for said premises, in pursuance of the contract. From the agreed facts it appears that the contract for the purchase of the lots in controversy, which now constitute the homestead of the defendants, was made in the name of the defendant, Elizabeth F. Brewer, and $25 of the purchase price were paid by her out of her own money. The balance of the purchase price, as well as all the money which went into the improvements upon the land, arose from the personal earnings of the defendant, J. A. Brewer, and the application of it was made within ninety days after it was earned, and it was, therefore; exempt from execution, under section 3074 of the Code of 1873. It was perfectly competent for the defendant, Elizabeth, to make a purchase of the property in her own name, and use her own means toward the payment therefor. The use by the husband of his personal earnings in payment for property purchased by his wife amounts, in legal contemplation, to a gift of such property to his wife. As the earnings were exempt from execution at the time they were employed in the acquisition of the property in controversy, a voluntary gift of such earnings was no fraud upon the husband's credi-

tors. The earnings being exempt from execution, her husband had a right to employ them as he pleased. This has been held as to real estate. *Duntzer v. Bell*, 11 Wis., 141; *Pike v. Miles*, 23 Wis., 164; *Delashmut v. Trau*, 44 Iowa, 613. There is no reason why the same rule does not apply to personal property. We think the court erred in holding the homestead of the defendants liable for the debt in question.

REVERSED.