[Civ. No. 2160. First Appellate District.—April 15, 1918.]

## THOMAS F. WATSON et al., Respondents, v. JOHN ANDERSON, Appellant.

APPEAL—ORDER ON DEMURRER—RECORD—WAIVER.—On appeal from a judgment, where the order made on demurrer to the complaint does not appear in the transcript, the demurrer must be held to have been waived.

BUILDING CONTRACT—ACTION FOR BREACH—EVIDENCE—ERRONEOUS ADMISSION OF SPECIFICATIONS—CURE BY SUBSEQUENT TESTIMONY.—In an action for failure to erect a building according to contract, any error in admitting in evidence certain specifications which were not signed by the parties was cured by defendant's testimony that the work was done in accordance with the specifications, and that they were followed as closely as he could do so.

ID.—RESPONSIBILITY FOR FAULTY CONSTRUCTION—WANT OF EVIDENCE—NONSUIT PROPERLY DENIED.—In an action for failure to erect a building according to contract, a motion for nonsuit was properly denied where there was no evidence offered to show that plaintiffs were in any way responsible for the faulty construction of the building.

TRIAL—REOPENING OF CASE — ADDITIONAL TESTIMONY — DISCRETION.—The trial court has discretion to reopen a case for the purpose of permitting a witness to testify.

APPEAL from a judgment of the Superior Court of Alameda County. H. D. Burroughs, Judge Presiding.

The facts are stated in the opinion of the court.

W. B. Rinehart, for Appellant.

Hayes & Oliphant, for Respondents.

BEASLY, J., *pro tem.*—This is an action in which the plaintiffs recovered a judgment against the defendant for the failure of the latter to erect a building in a workman-like manner in accordance with his contract so to do. Defendant appeals.

The first point made by the appellant is that his demurrer should have been sustained, but as the order made on demurrer does not appear in the transcript, the demurrer must be held to have been waived. (Code Civ. Proc., sec. 670, *Silcox* v. *Lang,* 78 Cal. 118, [20 Pac. 297].)

A number of findings made by the trial court are attacked on this appeal as unsupported by the evidence. It would serve no good purpose to particularize each of these findings here, and to specify and recite the evidence supporting them. It is sufficient to say that all of the material findings find support in the evidence.

Certain rulings of the court made during the course of the trial to which appellant excepted will be considered. The first related to the admission by the court of certain specifications for the building which were not signed, and which it is therefore claimed could not form part of the contract in the case. These specifications were present when the contract was signed and corrected in some particulars on the night the contract was signed and before the signing of that instrument. They were not attached to the contract nor were they actually and separately signed by the parties. The work, however, or most of it, was done in accordance with these specifications, and the defendant himself testified that while no written specifications were ever signed there were specifications covering the job, namely, these specifications to the admission of which exception was taken; and that he followed these specifications in doing the work as closely as he could; that he was supposed to follow these specifications in the mixing of the plaster, which was a vital matter, as will hereafter be seen. Some of this evidence was introduced as a part of defendant's case and after the specifications had been admitted in evidence. If there was error originally in

admitting these specifications, it was cured by this subsequent evidence.

The second error occurring at the trial upon which the defendant relies related to the denial of a nonsuit. Briefly, the evidence as it stood at the time the nonsuit was denied showed that the plaintiffs had contracted with the defendant for the erection of the building; that by the contract the defendant had agreed to complete the building in a workmanlike manner and to superintend its construction; that the building after its erection leaked in all the rooms on its south and east sides; that the leakage was due to the defective construction of the fire walls, which were not constructed in a workmanlike manner. The motion for nonsuit was made specifically on the grounds that the plaintiffs had failed to prove that the defendant was in any way bound as guarantor or otherwise of the work performed by him in the construction of the building, and, second, that any damage resulting to plaintiffs from the construction of the building was due to the fault of plaintiffs equally with that of defendant.

As to the first ground it may be said that there was a provision in the contract to the effect that the contractor was to perform his agreement and complete the building in a workmanlike manner in accordance with the plans, drawings, and specifications for the same. While, as we have seen, no specifications were ever signed, the specifications above described and admitted in evidence did actually form a part of this contract, and were so considered by both parties while the building was being erected; although not actually attached to the contract. This showed an agreement on the part of the defendant to do his work in a workmanlike manner. There was no evidence at the time the nonsuit was denied to show that the plaintiffs were in any way responsible for the faulty construction complained of, and in view of this state of the record the motion for nonsuit was properly denied.

It may be noted here that this is not an action to foreclose a mechanic's lien, but for damages for failure on the part of the contractor to perform his contract.

The defendant also specifies as grounds of reversal the irregular and unwarranted allowance by the court of evidence in rebuttal of the witness Melbourne. The court ap-

pears to have reopened the case for the purpose of permitting Melbourne to testify, and this was within its discretion.

The defendant's principal complaint against the decision of the court is that he was not responsible for the defects of the building, but upon this point the trial court found against him. These defects consisted of certain poor workmanship in the exterior walls of the building which permitted the rain to beat through and wet the inside thereof. The contract and specifications provided for three coats of plaster, and two coats of plaster only were used. The defendant contends that the whole trouble was caused by this omission of the third coat of plaster, and that he stated to the plaintiffs when the change was made that he would not be responsible for the resulting workmanship. However, there is much evidence in the record to the effect that it was not the thinness of the coating of plaster which caused the water to leak through the building, but rather the defective material of which it was composed and the manner in which the plastering was done. This plastering was done by one McTye, and defendant claims that McTye was employed by the plaintiffs to do this work; but the record discloses the fact that the trial court found that the plastering as executed was done by the defendant as a part of his contract, and the defendant himself testified that he was to make ten per cent on the total cost of the building, and the amount to be paid on the plastering was included in the amount to make the ten per cent. There was other evidence showing that this work was part of his contract. The fact that a reduction of $228 was made upon the cost to the plaintiffs of doing this work because of an agreement subsequent to the execution of the contract to the effect that two coats of plaster should be used instead of three does not change the fact that the contractor was to do this work.

Without going further into this matter it may be said that while there was a substantial conflict in the evidence upon several points, the court found on these points in favor of the plaintiffs, and the findings must, therefore, be permitted to stand.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.