[Civ. No. 3581. Second Appellate District, Division Two.—January 26, 1922.]

## C. P. HANCOCK, Respondent, v. EDITH A. CLARK, Appellant.

[1] BUILDING CONTRACT—ACTION TO RECOVER—PLEADING—PLANS AND SPECIFICATIONS.—A complaint in an action to recover for the construction of a house under a builder's contract is not insufficient because of failure to plead, either as exhibits or according to their legal effect, the plans and specifications which were a part of the contract.

[2] ID.—RULE AS TO PLANS AND SPECIFICATIONS.—While plans and specifications are part of the contract to which they relate, as an examination of them is necessary to ascertain the complete agreement between the parties, they are not part of the agreement in such a sense that they must be pleaded in a complaint upon the agreement.

[3] ID.—PLEADING AND EVIDENCE — PLANS AND SPECIFICATIONS.—The rule in mechanic's lien cases that where a building contract refers to plans and specifications as being attached to it, but they are not so attached, testimony may not be received to identify particular plans and specifications as those mentioned in the contract, is not applicable to an action on such a contract, but the general law of contracts applies that separate instruments may be shown by oral evidence to constitute but one transaction.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ellis, Ford & Nelson for Appellant.

W. G. Irving for Respondent.

WORKS, J.—This is an action to recover for the construction of a house under a builder's contract. Plaintiff had judgment against one of the defendants and that defendant appeals.

[1] One question presented by the case is whether the complaint states facts sufficient to constitute a cause of action. At the trial the defendants moved for a judgment on the pleadings on the ground that it did not, and the motion was denied. The alleged defect in the complaint lies in the failure of respondent to plead in full the contract upon which he relies for a recovery of the amount due him for building the house, the plans and specifications which were a part of the agreement not being pleaded either as exhibits or according to their legal effect. [2] While it is well settled that plans and specifications are part of the contract to which they relate, as an examination of them is necessary to ascertain the complete agreement between the parties, they are not part of the agreement in such a sense that they must be pleaded in a complaint upon the agreement (9 C. J. 867). The reason for this rule is stated in an early case to be that plans and specifications "consist sometimes of extensive and complicated plates of drawings, which it would often be exceedingly inconvenient, if not utterly impracticable to attach to and make a part of the pleadings in the case" (*Learmonth* v. *Veeder*, 11 Wis. 138); and it is at once apparent that it would be impossible to plead plans according to their legal effect. The complaint stated a cause of action.

[3] The contract, made part of the complaint as an exhibit, refers to the plans and specifications as "attached herewith" and as "hereunto annexed." During the trial the plans and specifications, not being attached to the contract, were offered in evidence after the taking of testimony tending to identify them as the ones referred to in the contract. This testimony was to the effect that the offered plans and specifications were furnished to respondent by appellant, that they were signed by her husband, her codefendant, in her presence at the time of the execution of

the contract and that they were followed in the construction of her house. Appellant objected to the offer, the objection was overruled, and it is contended that the ruling was error. It has been decided by many cases in this state that where a building contract refers to plans and specifications as being attached to it, but they are not so attached, testimony may not be received to identify particular plans and specifications as those mentioned in the contract. These cases, however, were mechanic's lien cases and they were based upon a state of the mechanic's lien law which required building contracts to be in writing. The present case is not a mechanic's lien case and falls, so far as the question now before us is concerned, within the general law of contracts. Under that law separate instruments may be shown by oral evidence to constitute but one transaction (*Beedy* v. *San Mateo Hotel Co.,* 27 Cal. App. 653 [150 Pac. 810]), the rule having an application even where there is in either of the instruments no reference to the fact that another instrument accompanies it (*Torrey* v. *Shea,* 29 Cal. App. 313 [155 Pac. 820] ; *Merkeley* v. *Fisk,* 179 Cal. 748 [178 Pac. 945]). It has, in truth, been applied in a case which is in principle exactly like the present one, although the purpose of the action was different (see *Watson* v. *Anderson,* 36 Cal. App. 778 [173 Pac. 394]). The court did not err in receiving the plans and specifications in evidence.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.