Argued September 19, 1956, affirmed in part; reversed in part
April 3, petition for rehearing denied April 24, 1957

## PAULK *v.* VAN CLEVE ET AL
### 309 P. 2d 176

*Glenn D. Ramirez,* Klamath Falls, argued the cause and filed a brief for appellant.

*B. J. Goddard,* Klamath Falls, argued the cause for respondent L. A. Van Cleve. On the brief were Maxwell & Goddard, Klamath Falls.

*L. Orth Sisemore,* Klamath Falls, argued the cause and filed a brief for respondents Walter Lassett and R. Cecil Cheyne.

Chatburn & Brickner, of Malin, filed a brief for respondents C. E. Sharp, Dale West and L. Lyon.

Before WARNER*, Chief Justice, and ROSSMAN, LUSK, BRAND, PERRY** and McALLISTER, Justices.

---

\* Chief Justice when this cause was argued.
\*\* Chief Justice when this decision was announced.

BRAND, J.

The plaintiff Lee Paulk brought suit in the circuit court for the foreclosure of a farm labor lien based upon services rendered by him at the special instance and request of defendant L. A. Van Cleve. The other defendants are purchasers of the various crops grown upon the lands in question during the year 1954. The lien is claimed only against the crops grown on the land during the year 1954 when the work was performed, or upon "the proceeds of the sale thereof." All of the defendants filed general demurrers to the complaint. The demurrers were sustained, and from a judgment dismissing the complaint the plaintiff appeals. The lien is claimed under the provisions of ORS 87.290, et seq.

"(1) Any person who, by his own labor or that of his livestock or by using machinery, whether as owner or lessee thereof, or otherwise, performs for another any labor or service upon any farm land or orchard in tilling the same, or in pruning or spraying any orchard, or in sowing, harvesting, heading or threshing any grain or other crop, or in gathering any berries, fruit or other products of the soil, or in securing or housing any crop sown, raised, headed, harvested, threshed or gathered thereon or therefrom during the year in which the labor or service was performed, or in cooking for any person doing any of said work during such time, shall have a lien upon all such crops raised upon all or any of such land or in any such orchard for the contract price for such labor or service, or for the reasonable value thereof if there is no contract. The lien shall attach to the crop from the date of the commencement of the labor or service.

"(2) If the crop, or any part thereof, is sold prior to the filing of the lien, or possession delivered to an agent, broker, cooperative agency or other person to be sold or otherwise disposed of and

its identity lost, or the crop commingled with other property so that it cannot be segregated and if the purchaser, agent, broker, cooperative agency or other person was notified of the filing of the lien by being served with a certified copy thereof, the lien shall attach to the proceeds of the sale of the crop or part thereof remaining in the possession of the purchaser, agent, broker, cooperative agency or other person at the time of the notice, and to any proceeds of the sale that may thereafter come into the possession of any of such persons, and the lien shall be as effective against such proceeds as against the crop itself.'' ORS 87.290.

Concerning the filing of the claim of lien, the statutes provide as follows:

"Any person claiming a lien described in ORS 87.290 shall, within 30 days after the close of such labor or service, file for record with the recording officer of the county where the labor or service was performed, a claim in writing, verified by his oath, containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner of the property to be charged with the lien, if known, and also the name of the person by whom he was employed, and also a description of the property to be charged with the lien and the land upon which it was grown, sufficient for identification. Unless the person entitled to such lien files the statement within such time, he shall be deemed to have waived his right thereto.'' ORS 87.295.

The priority accorded to the lien is defined in ORS 87.300.

For reasons which will presently appear, we deem it unnecessary to consider whether the lien as filed contained a description of the property to be charged with the lien and of the land upon which it was grown "sufficient for identification.'' The ultimate question for

decision is whether the complaint stated a cause of suit. The parties defendant are Sharp, West and Lyon, co-partners doing a general grain dealers business in Klamath County under the assumed name of the Sharp Grain Company, hereafter called the grain dealers, and Lassett and Cheyne, co-partners doing a general potato dealers business in the same county as the Klamath Potato Distributors, hereafter called the potato dealers. The other defendant is L. A. Van Cleve. The complaint incorporates a copy of the lien as filed on the 14th day of October 1954. The complaint as aided by the lien alleges that plaintiff in 1954 performed labor in preparing the land and caring for crops of barley and potatoes growing on the land described.

The complaint states the name of the owner and reputed owner, gives a true statement of the demand, and specifies the contract and reasonable price of the labor performed by plaintiff at the special instance and request of the defendant Van Cleve. The plaintiff ceased to perform his labor on 8 October 1954.

The attached copy of the lien states that plaintiff claims a lien upon the crops of L. A. Van Cleve. The complaint alleges that as the fruits of plaintiff's labor the crops were raised and were made the subject of plaintiff's aforementioned lien for the wages due the plaintiff from said L. A. Van Cleve. It is further alleged that the defendant grain dealers "purchased" the barley crop and that the defendant potato dealers "purchased" the potato crop. The amount of wages due to plaintiff is set forth, together with the amount expended for preparation and recordation of the lien and the amount of a reasonable attorney fee.

Plaintiff prays for a decree requiring the defendant grain dealers and potato dealers to account to the plaintiff for the proceeds of the crops purchased and

"taken" by them. Plaintiff prays for judgment against said defendants, the grain dealers and potato dealers, in the sum of $2,712.50 with interest plus $14 for preparing and filing the lien, and $350 attorney fees and costs. The only relief asked against defendant Van Cleve is for judgment for any deficiency.

■ Turning to ORS 87.290(1) we see that it provides for a lien on the crops themselves to be accomplished by the filing of a notice of lien as required by ORS 87.295. Under the statute persons purchasing or taking the crop after the lien has been filed may become subject to a lien on the crops because chargeable with constructive notice of the lien. In this case the complaint contains no allegation that the defendant dealers purchased or took the crop after the lien had been filed, nor does plaintiff seek to foreclose any lien against the crops themselves. For all we know the defendants may have purchased the crop before the lien was filed and taken possession after it was filed, or may have purchased and "taken" before the lien was filed. The complaint negatives any idea that plaintiff is seeking to foreclose a lien on the crops themselves, for it seeks to enforce the lien against "purchasers" who "took" the crops, and solely to the extent of "proceeds" in their hands. Not only does plaintiff seek no foreclosure against the crops themselves, he does not even allege in the complaint that the crops are still in existence at that time. Much less does he say where they are, who owns them, in whose possession they are, or whether they are identifiable at that time. Obviously the complaint is based upon the provisions of ORS 87.290(2) which alone provides for any lien on "proceeds".

■ A lien may attach to *proceeds* only if the crop is sold prior to the filing of the lien or "possession de-

livered", etc. as provided, and only if the purchaser agent, etc. was notified of the filing of the lien in a specific way, namely, "by being served with a certified copy thereof." There is no allegation of such service in the complaint. The allegation that defendants took said crops with due notice of plaintiff's lien is not a sufficient allegation that they were served with a certified copy of the lien. We cannot judicially expunge that explicit requirement from the statute. We have no disagreement with the cases which hold that an averment of knowledge is not a conclusion of law (*American Surety Co. v. Multnomah County*, 171 Or 287, 314, 138 P2d 597), but it is quite a different matter to hold that acknowledgment of due notice means acknowledgment of service of a duly certified copy of a lien. A complaint when challenged by demurrer is to be construed most strongly against the pleader. *Lamford Lumber Co. v. Lemons*, 206 Or 140, 289 P2d 684, 291 P2d 733; *Musgrave v. Lucas*, 193 Or 401, 238 P2d 780; *Mattoon v. Cole*, 172 Or 664, 669, 143 P2d 679.

■ Again, assuming that plaintiff did serve the required copy upon the defendant purchasers, there is no allegation that there were any "proceeds of the sale of the crop or part thereof remaining in the possession of the purchaser * * * *at the time of the notice* (italics ours) or that any proceeds thereafter came into the possession of the purchaser. If, prior to the receipt of the certified copy, the defendants bought the crop and paid Van Cleve therefor in full, there could be no proceeds, even assuming that an unpaid balance of purchase price owing from the purchaser to Van Cleve comes within the definition of "proceeds". Again, if the dealers took the crop as agents for Van Cleve and sold it for his benefit and fully accounted to Van Cleve for the proceeds so received

before receipt of the certified copy, there could be no proceeds to which a lien could attach. We hold that only under the conditions specified in ORS 87.290(2) can a lien on proceeds be acquired and the complaint is demurrable in that it fails to allege a cause of suit under that subsection.

■ The trial court did not err in holding that no cause of suit in equity was alleged. However, the complaint, when read with the lien which was made a part thereof, does allege a cause of action against the defendant Van Cleve. The cause should have been transferred to the law side of the court and tried as an action at law against defendant Van Cleve only for the recovery of money alleged to be due the plaintiff for work performed at the special instance and request of said defendant. The cause is remanded for such transfer and trial. Neither party shall recover costs.