# UTGARD *v.* STATE TAX COMMISSION

Robert R. Carney, Portland, argued the cause for plaintiff. On the briefs were Maguire, Shields, Morrison, Bailey & Kester and Robert R. Carney, Portland.

Donald H. Burnett, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Demurrer sustained May 3, 1963.

PETER M. GUNNAR, Judge.

This is a suit to set aside Opinion and Order No. I-62-24 of the State Tax Commission, in which the defendant refused to consider the petition of plaintiff as not being timely filed, and to require the commission to consider the plaintiff's claim. The case comes before this court upon the general demurrer of the defendant that the complaint does not state facts sufficient to constitute a cause of action or suit.

## FACTS

The facts, as set forth in the complaint, are as follows: The plaintiff duly and timely filed his state income tax returns for the calendar years 1940, 1943, 1944, 1947, 1948, and 1949. On March 14, 1952, the defendant issued its notices of deficiency assessment to and against the plaintiff with respect to those years. No appeal to the commission was taken from these notices, apparently. On July 27, 1959, over seven years after the notices of these deficiencies were sent out, the defendant paid the deficiencies, including penalties and interest. Finally, on July 24, 1961, acting purportedly within the time provided in ORS 314.415(1), the plaintiff filed claims for refund of the taxes so paid, including the penalties and interest. It is these claims for refund which, by its order, the commission refuses to consider as not being timely filed.

## APPLICABLE STATUTES

Three statutory provisions are material to this cause. In their applicable parts they read:

"ORS 305.755. Whenever it appears to the State Tax Commission from the audit of the returns required by any revenue measure, or otherwise, that the taxes, penalty or interest paid by a taxpayer or any part thereof, are in excess of those due or legally assessable, the commission is hereby authorized to refund to any taxpayer who has paid the tax, all taxes, interest or penalties in excess of those due or legally assessable, with interest at the rate of six percent a year from and after 30 days from the date of filing claim for refund."

"ORS 314.455. (1) A taxpayer may appeal to

the commission for the refund or revision, or both, of any income tax within the time stated below:

"(a) In the case of an appeal for a refund of taxes shown on the return filed by the taxpayer, within three years from the time the return was filed, or two years from the time the tax, or a part or instalment thereof, was paid, whichever period expires the later.

"(b) In the case of an appeal from additional taxes assessed or taxes assessed where no return was filed, within two years from the date of notice of assessment, or three years from the time the return was filed, whichever period expires the later. Assessments shall be final after the expiration of the period specified in this paragraph and payment of the tax shall not give the taxpayer any extension of the period within which an appeal may be taken.

"(2) The appeal shall be by way of written petition which shall state the grounds upon which the taxpayer contends that the assessment is erroneous. The commission shall grant a hearing upon the appeal and shall examine the determination of the amount of tax due, including penalty and interest thereon, and shall redetermine such amount if it is necessary upon the law and the facts to do so. The commission shall notify the taxpayer of its determination of the amount of tax due, with penalty and interest, either as originally assessed or as redetermined, and shall refund to the taxpayer the amount, if any, paid in excess of the tax found to be due, with interest thereon as provided in ORS 314.415. Where there has been an overpayment of any tax, the amount of such overpayment and the interest thereon shall be credited against any tax, or penalty or interest then due from the taxpayer, and only the balance shall be refunded. If the taxpayer has failed prior to the time of the appeal, without good cause, to file any return required by law, within the time

prescribed by law, or has filed a fraudulent return, or, having filed an incorrect return, has failed after notice, to file a proper return, the commission shall not reduce or refund so much of the amount of the tax involved in the hearing as it may be found that the taxpayer owes for any other year or years."

"ORS 314.415. (1) For tax years beginning prior to January 1, 1957, if the amount of the tax found due as computed is less than the amount theretofore paid, the excess shall be refunded by the commission with interest at the rate of one-half of one percent for each month or fraction of a month from the time the tax was paid to the time the refund is made. For tax years beginning on or after January 1, 1957, if the amount of the tax found due as computed is less than the amount theretofore paid, the excess shall be refunded by the commission with interest at the rate of one-half of one percent for each month or fraction of a month from the time the claim for refund is filed by the taxpayer with the commission until the time the refund is made, or, if the refund is initiated by the commission, from the date of its determination until the time the refund is made. No refund shall be allowed or made after three years from the time the return was filed, or two years from the time the tax or a portion thereof was paid, whichever period expires the later, unless before the expiration of such period a claim for refund is filed by the taxpayer in compliance with the manner prescribed by the commission. No interest on a refund to an employe of a tax withheld by an employer shall be paid for any period prior to the time the employe filed his personal income tax return for the tax year involved, nor for any period prior to the day which is four months after the date when the employe's annual return for that year was filed or was due, whichever is the later. The amount of the refund, exclusive of interest thereon, shall not exceed the portion of the tax paid during such period preceding the filing of

the claim or, if no claim is filed, then during the period preceding the allowance of the refund during which a claim might have been filed. Where there has been an overpayment of any tax imposed, the amount of the overpayment and the interest thereon shall be credited against any tax, penalty or interest then due from the taxpayer, and only the balance shall be refunded.

"(2) Notwithstanding any provision to the contrary in ORS 314.455 or subsection (1) of this section, if, prior to the expiration of the period prescribed in subsection (1) of this section, the commission and the taxpayer consent in writing to the refund of tax after the expiration of the period prescribed, the refund shall be made at any time prior to the expiration of the period agreed upon and no refund shall be made or allowed after the expiration of the period agreed upon unless a claim for refund is filed by the taxpayer before the expiration of the period agreed upon in compliance with the manner prescribed by the commission. The commission shall have the power to consent to such refund only where the taxpayer has consented to assessment of additional tax, if such be determined upon audit, after the expiration of the applicable three-year or five-year period prescribed in subsections (1) and (2) of ORS 314.410."

## CONTENTIONS OF PARTIES

In well written briefs on both sides, the parties make conflicting contentions with respect to the meaning and intent of these statutes.

The commission contends that ORS 314.415 applies only to refunds arising through the initiative of the commission and that 314.455 applies to refunds initiated by a formal claim of the taxpayer. In the alternative, it is the commission contention that ORS 314.415 applies to administrative refunds and that

ORS 314.455 deals with refunds which the commission is empowered to grant in its quasi-judicial capacity.

On the other side, the plaintiff contends that ORS 314.415 operates independently of ORS 314.455. Pointing to the language in ORS 314.455(1)(a), the plaintiff contends that this section applies only to refunds which are claimed or appear on the face of the return, whereas ORS 314.415 applies to all the various refund situations other than that provided for in ORS 314.455 (1)(a).

In support of their respective contentions, the parties have cited the legislative history of the various statutes and the commission has cited its administrative interpretations through the years.

## THE CONSTRUCTION PROBLEM

■ The problem posed by this case is that of reconciling apparently conflicting and overlapping statutes. The goal is to arrive at the legislative intent. *State Highway Comm. v. Rawson,* 210 Or 593, 610, 312 P2d 849 (1957). In attaining this goal we are little aided positively by the legislative history of the various sections. What is now ORS 314.415 was a part of the original income tax act of 1929 as § 21(6) and has remained part of the law ever since, having been amended in 1933 and 1939 as to the time of filing the claim and to add in 1933 a provision for the tolling of the statute upon the filing of that claim. ORS 314.455 began in the 1929 act as a section dealing with appeals from additional assessments only. Oregon Laws 1929, ch 448, § 28. In 1933 the time period was amended from one to two years. In 1939 the time for filing was changed and the provision with respect to "the case of an appeal for a refund of taxes shown on the return filed by the taxpayer" was added and has

remained a part of the code since that date. Oregon Laws 1939, ch 488, § 16.

It has been argued that ORS 314.415 was inserted because the commission had no power to pay a refund without this statutory authority. In reality, this power was granted by ORS 305.755, enacted first in 1931. Oregon Laws 1931, ch 229.

██ Paramount in such statutory construction is the rule that every section, phrase, and word used by the legislature is to be construed as having a meaning and that none of them are to be considered useless or surplusage, if it is reasonably possible to give them effect. *Blyth & Co. v. City of Portland,* 204 Or 153, 159, 282 P2d 363 (1955). The corollary or reverse of this rule is that the courts are not authorized to add or delete statutory language. *Rosentool v. Bonanza Oil & Mine Corp.,* 221 Or 520, 527, 352 P2d 138 (1960). This means that, regardless of the interpretation that is given to the two refund provisions, we still are faced with the second sentence of ORS 314.455(1)(b), providing that an additional assessment shall be final upon the expiration of two years from the date of the notice of assessment or three years from the time the return was filed, whichever is the later, and that the payment of the tax, or any part thereof, shall not give the taxpayer any extension of the time within which he may appeal to the commission. This language is unambiguous and unequivocal and does not appear to warrant construction. *State ex rel Appling v. Chase,* 224 Or 112, 116, 355 P2d 631 (1960).

■ Read together, all these statutes provide two distinct procedures, one when a taxpayer may claim a refund and another when the commission may seek additional tax. When the commission assesses additional tax, it has made the choice of procedure. When

the taxpayer claims a refund, he has made the choice of procedure. The purposes and forms of these two distinct proceedings differ, one from the other, and are to some extent mutually exclusive. They both grant the state and the taxpayer the right to litigate the issue of tax liability.

■■ Here the commission made the choice by assessing additional tax. This brought into play the additional assessment procedures, part of which is the provision that payment after assessment does not extend the appeal time. Once the assessment procedure has come into play, the legal battle must be fought out on this battleground. The taxpayer does not have the alternative of paying and suing for a refund. In this respect our law is not like the federal law, which allows such option to the taxpayer. The rationale of the federal alternative procedure is inapplicable to Oregon. Under the federal practice, the practical effect of the alternative is to give the taxpayer a choice of the forum in which his case will be tried. He may resist assessment and appeal to the U. S. Tax Court or he may pay the additional tax first and then sue for a refund in the federal District Court or Court of Claims. In Oregon, whether the issue is an assessment or a refund, the administrative and judicial remedies are the same. By both its terms and its purpose, IRC § 6511 is not a counterpart of the Oregon statute and the federal rules do not apply here.

■ Once the taxpayer and the commission have joined battle on the assessment, the taxpayer's right to claim a refund of the tax so additionally assessed has been extinguished. He has his day in court available on the assessment. If he believes the assessment erroneous, he must appeal to the commission and perhaps thence to the courts within the times prescribed by the

statutes or, under ORS 314.455(1)(b), forever be barred from questioning the assessment. In the language of the statute, but for appeal, the assessment has become "final," become no longer open to question. The taxpayer by failing to appeal forfeits his rights to litigate further.

■ To interpret this section otherwise would lead to chaos. No assessment under it would be final, despite the express language of the statute to that effect, because every taxpayer so assessed could fail to appeal within the prescribed time and wait until caught, or he could even appeal unsuccessfully, then pay the tax, and then sue for the refund of that tax, raising the same issues presented by the additional assessment, all as though this statutory language did not exist. Furthermore, to interpret ORS 314.415 as an independent remedy would create a terrible procedural trap for the unwary taxpayer, because there is no judicial review provided for a timely denial of a claim under this section, if it is independent. Under the rule of *Inland Nav. Co. v. Chambers*, 202 Or 339, 350, 274 P2d 104 (1954), this lack of judicial review would not constitute a lack of due process. Judicial review is dependent upon a reading of this statute as a part of the same general process as ORS 314.455. The only way in which this language can be reasonably interpreted is to deem that the refund sections apply only to those cases where no additional assessment has been made on the same issues.

■ The administrative interpretation of the defendant, which has been of long standing, has been in accord with this decision. This further buttresses the foregoing interpretation under the rule that administrative determinations which have remained undisturbed for a reasonable period are entitled to weight in

statutory construction. *Lafferty v. Newbry,* 200 Or 685, 268 P2d 589 (1954).

Having arrived at this conclusion, there is no reason for determining the interrelationship of the two refund sections. The above-cited administrative interpretation goes on to find that ORS 314.415 applies to what it calls "commission-generated" refunds made upon the taxpayer's informal, initial claim of refund. Once informal claim has been denied by the commission administratively, there is a formal claim to the commission available under 314.455, from which an appeal can be taken to the courts. This appears to be a logical interpretation, though it is beyond the issues of this case and there is some doubt as to the concept of "commission-generated," because the statute specifically contemplates a taxpayer claim.

▮ The instant case, however, is controlled by the fact that an additional assessment was made in 1952, from which no appeal was taken within the statutory period, rendering the assessment final. Payment of the assessment in 1959 did not revive the taxpayer's right to litigate the assessment which became final after the assessment in 1952.

## THE PLEADING QUESTION

▮ The only question which remains is one of pleading. The complaint merely alleges the assessment in 1952 for certain years, the payment of the assessment in 1959, and the filing of a claim for refund in 1961 for the same years for which the additional assessments were made in 1952, plus the amounts claimed in each year. There is no direct allegation that the liability questions presented by the assessments and those sought to be presented by the claims for refund are related. If they are not the same liability questions,

an issue different from that being discussed here is presented. However, upon a demurrer the pleading is to be construed most strongly against the pleader. *Paulk v. Van Cleve,* 210 Or 218, 224, 309 P2d 176 (1957). The reasonable, strict construction of the complaint is that the amounts sought to be refunded were the subject, in whole or in part, of the original 1952 assessment. This view is supported by the existence of the statutory limitation with which the plaintiff was faced and which he did not negate, and by the assumption in the oral argument and the briefs that the issues were identical. Therefore, the defect would seem sufficiently apparent on the face of the complaint to support the demurrer. To hold otherwise as to the pleading issue would merely force the filing of a plea in abatement raising the same issue here decided. While this holding may not honor strictly the rule of pleading which does not require negation of defenses, the court believes that it reaches the issue as presented by counsel and is in accord with the facts of the case. If the court has erred in this regard, counsel for the plaintiff has his practical remedy in an amended complaint.

The demurrer will be sustained and the plaintiff will be allowed the time provided by the rules for pleading over. If the plaintiff does not plead over within the time allowed, or any extention thereof granted by the court, this decision shall be considered the final decision in this case and the defendant shall present an appropriate decree in accordance herewith under Rule 32, finding for the defendant upon the pleadings and allowing the defendant costs herein.*

---

* Foregoing case appealed. Oregon Supreme Court opinion found in 236 Or 596, 390 P2d 182 (1964).