Argued October 8, 1964, affirmed January 20, 1965

# LANDGRAVER ET UX *v.* DeSHAZER ET UX

398 P. 2d 193

*Joseph Larkin* and *Ronald Bryant,* Redmond, argued the cause for appellants. With them on the briefs were Geo. H. Brewster and Brewster, Copenhaver & Larkin, Redmond.

*Boyd R. Overhulse,* Madras, argued the cause for respondent. On the brief were Overhulse & Rodriguez, Madras.

Before MCALLISTER, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

DENECKE, J.

Plaintiffs sought specific performance of a contract to exchange their motel for defendants' ranch. The trial court sustained defendants' demurrer to the third amended complaint upon the ground that the contract was so indefinite and uncertain that equity would not enforce it. Plaintiffs did not plead further and a decree was entered for defendants.

The complaint alleged that "plaintiffs entered into a written contract with the defendants for the exchange

of the aforesaid real property \* \* \*. That copy of the written contract, marked 'Exhibit A', is attached hereto and made a part hereof \* \* \*."

The contract attached is on a printed form. The printed portion states, "WITNESSETH: Said first party [plaintiffs] hereby agrees to exchange with and convey to the second party the following described property." Then follows blank lines in which is first inserted, "The Plateau Trailer Court—½ mile North of Madras city limits on Highway # 26 in Section 36, Township 10 South, Range 13 East of the Willamette Meridian." After three blank lines is another insertion, "Swimming pool to be completed and ready for use. Does not include fence, patio or pump house."

> "\* \* \* If the contract in any case is so indefinite as to make it impossible for the court to decide just what it means, and fix exactly the legal liability of the parties, it cannot result in an enforceable [sic] contract. \* \* \*" *Gaines v. Vandecar*, 59 Or 187, 193, 115 P 721, 115 P 1122 (1911), quoted with approval in *Bonnevier v. Dairy Coop. Ass'n*, 227 Or 123, 132, 361 P2d 262 (1961).

▰ This principle is applicable to both suits for specific performance and actions for damages for breach of contract. It also applies to the obligation of both plaintiff and defendant. If the obligation of the plaintiff is too indefinite, there is no mutuality, that is, in a bilateral executory contract, no consideration, and the entire contract is unenforcible. See *Holtz v. Olds*, 84 Or 567, 164 P 583, 164 P 1184 (1917) (plaintiff's obligation to furnish security held indefinite, therefore, entire contract unenforcible.)

▰ The only reference to plaintiff's obligation to build a pool is in the contract which is attached as an exhibit to the complaint. This provision states nothing

about the size, shape, kind, or cost of the pool. There are many kinds of motel swimming pools. The contractual provision is too indefinite to be enforcible.

Plaintiffs seem to admit that the contract, as pleaded, is uncertain; however, they contend that "plaintiffs could, by parol evidence, show the details, plans and specifications of the pool without varying the terms of the written agreement of the parties, thereby making the agreement complete and certain and capable of specific performance by the court of equity."

■■ Whatever contractual terms plaintiffs are relying upon must be alleged in their complaint in some form in order that the court may determine whether the plaintiffs' obligation is definite enough to be binding and, therefore, be consideration for the promise plaintiffs are seeking to enforce. If plaintiffs are relying upon contractual provisions concerning the pool, which are in another writing or are parol, they should so allege in their complaint in some form. *Contract Co. v. Bridge Co.*, 29 Or 549, 561-562, 46 P 138, 141 (1896). In the absence of such we must assume that there were no other provisions.

Plaintiffs recognized this requirement. Defendants demurred to the second amended complaint; one of their grounds was that the legal description of the lands to be exchanged was too indefinite. Plaintiffs' third amended complaint contained the complete legal description of the lands. Defendants' motion to strike this description as matter not stated in the contract was denied. The order sustaining the demurrer to the third amended complaint upon the ground that plaintiffs' obligation was too indefinite granted plaintiffs time within which to further plead, but they did not choose to make any additional allegations about the construction of the pool.

The contention is made that it is not necessary to plead the detailed specifications for the construction of the swimming pool as that would be the pleading of evidence rather than "[a] plain and concise statement of the facts." ORS 16.210. This distinction between allegations of evidence and "[a] plain and concise statement of the facts" is frequently difficult to make.

"Basically, the theory of pleading is that it is the means whereby parties litigant make known to each other the facts upon which they rely and the nature of the relief sought." *Mannix v. The Portland Telegram*, 136 Or 474, 516, 284 P 837, 297 P 350, 300 P 350 (1931). The complaint, as quoted earlier, alleges that the parties entered into a "written" contract; and it further alleges that a copy of "the written contract" is attached. This pleading notifies the court and defendants that plaintiffs are relying upon an agreement which is in writing and a copy of that writing is attached to the complaint.

■ When a complaint is tested by demurrer the pleading is construed most strongly against the pleader. *Paulk v. Van Cleve*, 210 Or 218, 309 P2d 176 (1957). Even without this rule of construction, the only reasonable inference to be drawn from the allegations of the complaint is that there is no agreement about the pool except that contained in the writing.

■ Plaintiffs further contend that even if there obligation to construct a pool is too indefinite, they should still prevail as defendants waived plaintiffs' performance in this regard. Plaintiffs contend defendants' waiver is alleged by this language in their complaint: "That plaintiffs staked out and commenced construction of a swimming pool, which was shown to the defendant, Glenn DeShazer, who demanded and request-

ed that the construction terminate." We do not interpret this as an allegation that defendants released plaintiffs from their obligation to build a pool; rather, it appears to allege that defendants were dissatisfied with plaintiffs' performance.

Decree affirmed.

O'CONNELL, J., dissenting.

The trial court sustained defendants' demurrer to plaintiffs' complaint upon the ground that the contract was not sufficiently definite and certain to permit a court of equity to specifically enforce it. The court could not have meant that a court of equity would have difficulty in framing a decree specifying defendants' performance under the contract because defendants' promise was definite and certain. Defendants' performance would consist of the execution of a deed conveying the real property which they had agreed to convey to plaintiffs.

The indefiniteness and vagueness, if any, in the transaction is with respect to *plaintiffs'* promise. That promise is alleged in the complaint in order to set out the consideration for defendants' promise and thus show the existence of a contract. The suit is not brought to require plaintiffs to perform their side of the contract. Therefore, equity is concerned with the definiteness and certainty of plaintiffs' promise not for the purpose of framing a decree in this suit but only for the purpose of deciding whether there is a contract at all. The case is, therefore, in the same posture as if plaintiffs had brought an action for damages. I understand the majority opinion to concede that this is the posture of the case. The question is: With what specificity must a plaintiff plead the character of his promise which forms the consideration for

defendant's promise and which plaintiff alleges has not been performed?

I assume, and I believe that the majority would concede, that if plaintiffs had simply alleged that they had promised to convey certain property in exchange for defendants' property and further alleged that plaintiffs were able and willing to perform their part of the contract, the complaint would be free from attack by demurrer. In such a case the complaint is quite indefinite and uncertain with respect to plaintiffs' promise and contains nothing from which it could be determined whether plaintiffs could put on evidence to prove that the promise was certain enough to constitute consideration for defendants' promise or be enforceable in equity if the suit for specific performance ran the other way. Now, since plaintiffs set out the written contract *in haec verba* and thus pleaded more than they were required to plead, the majority hold that plantiffs are precluded from going ahead and offering proof to establish that the contract was sufficiently definite to meet the requirements of an action at law or a suit in equity. Why should plaintiffs be foreclosed from proving their case by such pleading if they are not foreclosed by a pleading which alleges their promise and performance in greater generality, i.e., by simply pleading the legal effect of the agreement? The majority opinion answers, "the only reasonable inference to be drawn from the allegations of the complaint is that there is no agreement about the pool except that contained in the writing." I do not agree that this is the only reasonable inference. Contracts which bind the parties to sell, purchase or exchange property frequently contain promises in general terms. Earnest money agreements ordinarily are drafted in this manner. Unless the Statute of Frauds or the parol

evidence rule presents an obstacle to proof, the promisee is entitled to establish by competent evidence the specific terms of the agreement. Thus, if action is brought to recover upon a contract for the construction of a house, the plaintiff need not plead the plans and specifications under the contract. As the court stated in *Hancock v. Clark,* 56 Cal App 277, 278, 204 P. 1098 (1922):

> " * * * While it is well settled that plans and specifications are part of the contract to which they relate, as an examination of them is necessary to ascertain the complete agreement between the parties, they are not part of the agreement in such a sense that they must be pleaded in a complaint upon the agreement (9 C.J. 867)."

In the case at bar the complaint alleges that "plaintiffs staked out and commenced construction of a swimming pool, which was shown to the defendants * * *." The contract provides that the swimming pool is "to be completed" which suggests that the evidence might show that construction of the pool had been commenced when the contract was signed. If this were the case, the size and location of the pool would have been known to defendants and could be deemed to have been agreed upon when the contract was signed. We do not know what other evidence plaintiffs could produce to establish specific terms of the contract relating to the construction of the pool. It is possible that the proof would fail in this respect, but plaintiffs are entitled to make a try at it, and technical rules of pleading should not be put in their way if they believe that they have evidence to prove a contract.

GOODWIN, J., joins in this dissent.