# IN THE OREGON TAX COURT

## ESTATE OF FRANCES TATE
*v.*
## DEPARTMENT OF REVENUE
(TC 2479)

Nikki C. Hatton, Grebe, Gross, Peek, Osborne & Dagle, P.C., Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 14, 1987.

### CARL N. BYERS, Judge.

This case concerns the procedures by which taxpayers may appeal and seek refunds of Oregon inheritance taxes. The relevant facts are few and have been stipulated to by the parties as follows:

"1. The decedent, Frances Tate, died on February 13, 1974.

"2. On December 17, 1974, an inheritance tax return was filed, showing a tax due of $3,069.71. The tax was paid with the return.

"3. The inheritance tax return claimed two mortgages as

deductions from the total estate, but the necessary supporting documentation was not submitted.

"4. A Notice of Deficiency was issued on August 31, 1981. The deficiency, in pertinent part, was based on the disallowance of the two mortgages as deductions.

"5. A Notice of Assessment was issued on October 8, 1981.

"6. The Notice of Assessment was not appealed. For reasons unknown, the attorney for the estate (now deceased) did not submit the documentation necessary to support the claimed mortgage deductions and advised the personal representative to pay the additional tax assessment and interest.

"7. On December 24, 1981, the estate paid the additional inheritance tax of $5,024.14, plus interest of $4,416.11.

"8. On November 30, 1984, within three years following payment of the assessment, the plaintiff filed a refund claim of $6,402.52, with proof of the mortgages claimed as deductions.

"9. The claim was denied and the plaintiff appealed to the Director of the Department of Revenue, who also denied relief by Opinion and Order No. 85-0960, dated May 16, 1986, a copy of which is attached as Exhibit 'A'. The plaintiff has filed a timely appeal with this court."

Defendant denied plaintiff's claim on the grounds that it has no jurisdiction to consider a refund claim for taxes which were paid in response to an assessment after the time for the appeal from that assessment has expired. Defendant's position, as expressed in its Opinion and Order, is that there are two "distinct procedures" which are mutually exclusive. Defendant cites as authority for its position *Utgard v. Commission,* 1 OTR 274 (1963), which was an income tax case resolving the same type of dispute.

Plaintiff contends that defendant's reliance on *Utgard* is misplaced since that was an income tax case involving a different statute. Plaintiff relies primarily on the language of the applicable statutes in support of its contention of a right to file a claim for refund as to taxes which were assessed and paid. Plaintiff recognizes that a distinction must be made between refund claims for taxes paid on a return filed by the taxpayer and refund claims for taxes paid in response to an assessment. Plaintiff concedes that if a taxpayer pays an assessment and then files a claim for refund, the claim cannot

apply to taxes paid with the original return (unless the refund claim is also filed within three years of the payment of those taxes). (Plaintiff's Brief, at 13-14.)

■      Resolution of the issues posed by the facts must begin with a consideration of the three relevant statutes.[1] The first statute, ORS 305.265, provides administrative procedures for defendant to assess deficiencies, resolve its differences with taxpayers on the administrative level and to collect deficiencies. Attention in this case focuses on subsection (13) of that statute which provides:

"Assessments and billings of taxes shall be final after the expiration of the appeal period specified in ORS 305.280, and payment of the tax shall not give any person any extension of the period within which an appeal may be taken."

■      Second is ORS 305.280, the relevant portions of which provide:

"(2)    An appeal under ORS 323.416 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 119, 308, 310, 314, 316, 317, 318, 321, 477 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days from the date of the notice."

The third and final statutory character in this drama is ORS 305.270, the relevant portion of which provides:

"(1)    A person may file with the department a claim for refund of any tax paid to the department and imposed under ORS chapter 118, 119, 308, 310, 314, 316, 317, 318, 321 or 477, or collected pursuant to ORS 305.620, and shown on a report or return filed by the person with the department under such law within the period specified in subsection (2) of this section."

Visualizing these three statutory characters on the juristic stage, the question is: Are they a chorus line, with ORS 305.270 on the far end, or dueling combatants? Defendant contends that ORS 305.270 does not allow a refund claim to follow an assessment because such claims are limited to taxes "shown on a report or return." Plaintiff responds that the "report or return" referred to in ORS 305.270(1) is the claim

---

[1] The statutes in question are those that were in effect on August 31, 1981, when the Notice of Deficiency was issued.

form itself, not the original report or return filed by the taxpayer. Plaintiff's reading of the statute, however, is too broad. The "report or return" in question is the one filed by the taxpayer under "such law." The term "such law" refers to the previously recited chapters of the Oregon Revised Statutes of which chapter 118 is one. Contrary to plaintiff's interpretation, the reference to subsection (2) relates only to the "period specified" and not to the "report or return filed." As defendant points out, plaintiff's view would be both inconsistent and redundant in terms of the language of those provisions.

It is worth noting that by 1977 Or Laws ch 870, the legislature moved the procedures for administering and appealing from several chapters of taxation to ORS chapter 305. That legislation repealed ORS 118.170 and made the administrative appeal procedures for inheritance taxes come within ORS 305.265. (1977 Or Laws ch 870, §§ 16 and 17.) It seems noteworthy in this regard that there is no indication the legislature intended to change the alternative procedure pattern found by the court in *Utgard.* There this court said:

> "Read together, all these statutes provide two distinct procedures, one when a taxpayer may claim a refund and another when the commission may seek additional tax. When the commission assesses additional tax, it has made the choice of procedure. When the taxpayer claims a refund, he has made the choice of procedure. The purposes and forms of these two distinct proceedings differ, one from the other, and are to some extent mutually exclusive. They both grant the state and the taxpayer the right to litigate the issue of tax liability."
> *Utgard v. Commission,* 1 OTR 274, 281-282 (1963).

The court finds the same pattern continues in the statutes applicable to this case. When a return is filed and a deficiency assessment made under ORS 305.265, subsection (13) of that statute limits the period for contesting the tax liability to that specified in ORS 305.280. If a taxpayer who pays a deficiency assessment is allowed to file a claim for refund and relitigate liability for the taxes, this would have the effect of extending the time to appeal. This procedure would be subject to the same kinds of administrative problems described in *Utgard* and consequently, as stated in that case, at 283:

> "The only way in which this language can be reasonably interpreted is to deem that the refund sections apply only to

those cases where no additional assessment has been made on the same issues."

In this case, the department issued a notice of assessment. It was at that point that plaintiff was obligated by the statutes to appeal the assessment and prove its claimed mortgage deductions. When plaintiff failed to appeal from the assessment, the assessment became final as provided in ORS 305.265(13). The refund provisions found in ORS 305.270 are limited to taxes "shown on a report or return filed by the person with the department." That statute does not act to extend the period of time in which the taxpayer may contest an assessment. Judgment will be entered dismissing plaintiff's complaint, with prejudice. Defendant to recover its costs and disbursements incurred herein.