IN THE OREGON TAX COURT
REGULAR DIVISION

Edwin J. FACKLER
and Joan A. Fackler,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4667)

Edwin J. Fackler and Joan A. Fackler, Plaintiffs argued the cause *pro se*.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered November 22, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter comes before the court on the Motion for Summary Judgment from Defendant Department of Revenue (the department). Plaintiffs[1] oppose the motion. The motion is based on the department's assertion that the proceedings instituted in this court by taxpayers were time barred. That was also the conclusion of the magistrate who heard this matter in the Magistrate Division.

## II. FACTS

The following uncontested facts are stated in separate sections to assist the reader.

A. *Withholding Tax Liability Under ORS Chapter 316*

Edwin Fackler was an officer of Byers Industries, Inc. (Byers). Byers experienced financial difficulty and taxes

---

[1] Plaintiffs may be referred to individually by name or jointly as taxpayers.

withheld from the wages of its employees were not timely paid to the department. The department determined that Edwin Fackler was a responsible officer of Byers with liability for payment to the department of the withheld taxes under ORS 316.207(3)(a).[2] Pursuant to that statute, the department sent Edwin Fackler a Notice of Liability (NOL) on December 10, 2002.

The NOL stated, consistent with the statute, that Edwin Fackler could object to the NOL or request a conference with the department within 30 days, but that if he did not do so, the "notice of liability becomes final." *See* ORS 316.207(3)(c). The notice provided further that Edwin Fackler had a right to appeal any final NOL to the tax court within 90 days after it became final. Edwin Fackler did not file written objections with the department in response to the NOL.

B. *Personal Income Tax Refund*

Taxpayers filed a joint Oregon personal income tax return with the department for the year 2002. On April 11, 2003, the department issued a Notice of Proposed Adjustment and/or Distribution (NPAD) to taxpayers. The NPAD showed no personal income tax due from taxpayers for the year 2002 and they were entitled to a refund of $2,397, attributable to withholdings. The NPAD stated: "This is a refund resulting from a credit on your liability. The figures below show how we *distributed your refund*." (Emphasis added.) The department distributed $1,440.50 to itself and stated: "Part or all of your refund was used to *pay* the following account(s): Department of Revenue Withholding Tax." (Emphasis added.) The liability of Edwin Fackler asserted in the NOL was satisfied by that distribution. The NPAD was received by taxpayers on April 14, 2003.

The NPAD also notified Joan Fackler that she might be allowed her share of the refund. The NPAD stated that she was required to send a written request to the department within 30 days.[3] On July 11, 2003, Joan Fackler made a written request for her portion of the refund that had been applied to the withholding tax liability.

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2001.

[3] *See* ORS 314.415(6); OAR 150-314.415(6).

## III. PROCEEDINGS BELOW

On April 18, 2003, Edwin Fackler filed a complaint and on April 30, 2003, taxpayers together filed an amended complaint in the Magistrate Division. In those pleadings taxpayers complained about the retention of refund money by the department and the determination that Edwin Fackler was a person responsible for the withholding obligations of Byers. The complaint also questioned the treatment of amounts otherwise due to Joan Fackler. The amended complaint challenged an "improper deduction from tax refund," rather than any improper determination of the amount of the refund.

## IV. ISSUE

Was the complaint filed by taxpayers in the Magistrate Division timely or time barred?

## V. ANALYSIS

### A. *Edwin Fackler*

Edwin Fackler does not contest that his complaint was filed in this court more than 120 days after the NOL was issued and more than 90 days after it became final under ORS 316.207(3)(c). His appeal was untimely if the time limits of ORS 316.207(3) are the only ones relevant, as they were in the view of the magistrate.

■ ■ ORS 316.207(3)(c) provides that an officer may appeal within 90 days of the time the NOL becomes final, "in the manner provided for an appeal from a notice of assessment." If that direction is read as referring to time as well as manner requirements for appeals from notices of assessment under ORS chapter 316, then ORS 305.280(3) would apply.[4] ORS 305.280(3) applies to appeals from assessments imposed under ORS chapter 316 and would provide Edwin Fackler an additional appeal time of two years following payment of the tax. Edwin Fackler's appeal, filed on April 18,

---

[4] ORS 305.280(3) states: "Notwithstanding subsection (2) of this section, an appeal from a notice of assessment of taxes imposed under ORS chapter 314, 316, 317 or 318 may be filed within two years after the date the amount of tax * * * is paid."

2003, came within such two-year period because the tax was paid on April 11, 2003, the date the income tax refund otherwise due, at least in part, to Edwin Fackler was applied to the ORS 316.207 liability.[5]

 The question is whether the 90-day limit stated in ORS 316.207(3)(c) is the only time limit that is applied to assessments related to withholding, or whether that 90-day provision in ORS 316.207(3)(c) is subject to the extension rule of ORS 305.280(3). In analyzing that question the court first notes that the time measurement rule of ORS 305.280(2), which is modified by ORS 305.280(3), does not fit with the process stated in ORS 316.207. Under ORS 316.207(3)(c) the appeal time is measured from finality of a notice, which is "30 days after the notice of liability has been mailed." Under ORS 305.280(2) appeal time is measured from the "date of the notice," and not a later date when a notice becomes "final."[6]

Other statutory provisions suggest that when the legislature stated a time limit and incorporated "manner" rules in ORS 316.207 it meant to incorporate only the "how" to appeal rules of ORS chapters 305 and 314, but not "when" to appeal rules. For example, ORS 323.416(1) authorizes a person aggrieved by an act of the department to appeal to this court "in the manner provided in ORS 305.404 to 305.560"; however, that statute does not specify a time requirement. Similarly, although ORS 324.170 does not include time limitations, it does require that the provisions of ORS chapters 305 and 314 be used for audit appeals to this court. However, in ORS 319.801, the legislature stated a time limit and generally incorporated "manner" rules. Those other statutory approaches suggest strongly that the legislature knows how to include specific time limits when it wants to do so. Those specifications should be respected even if more general "manner" rules are incorporated.

 Furthermore, the provision for extension of appeal time found in ORS 305.280(3) is applicable to appeals under

---

[5] *See Patton I v. Dept. of Rev.*, 18 OTR 111, 116 (2004) (holding a levy or collection constitutes "payment" of tax).

[6] While appeals from assessments are not governed by periods measured by reference to finality of a notice, certain appeals from adjustments to claims for refund are so measured. *See* ORS 305.280(2).

ORS 305.275. *See* ORS 305.275(1). The appeal right of ORS 305.275 applies when "[t]here is no other statutory right of appeal for the grievance." ORS 305.275(1)(c). For persons potentially liable under ORS 316.207, there is such an "other statutory right." It is the right to appeal stated in ORS 316.207, which contains its own time limit provision. As Edwin Fackler's appeal right arose under ORS 316.207, and not under ORS 305.275, and for the reasons stated above, it is the court's conclusion that the time limits of ORS 305.280(2) and the extension provision of ORS 305.280(3) do not apply. Edwin Fackler's appeal from the assessment under ORS 316.207 was not timely.

██ If Edwin Fackler's appeal is not governed by the constellation of provisions that include ORS 305.275 and ORS 305.280 relating to appeals, then the provisions of ORS 305.265(14), making assessments final after the expiration of the appeal period, would also not appear to apply. Under ORS 305.265(14), finality occurs after the time limits of ORS 305.280 expire. However, if, as has been concluded above, the time rules of ORS 305.280 do not apply to an appeal by Edwin Fackler, it may be that an appeal by him from the denial of a timely claim for refund under ORS 305.270 could be taken.[7] However, the court has not been presented with an appeal from a denial of a refund claim made by Edwin Fackler and will not evaluate the timeliness or validity of any such claim at this point in time.

B. *Joan Fackler*

The department suggests that Joan Fackler is barred from appealing because she was a refund claimant under ORS 305.270(3) and was required to request a conference on any refund adjustment or have that adjustment become final. *See* ORS 305.270(4)(b); ORS 305.270(5)(b). The magistrate also looked to ORS 305.270(3) as controlling the department's handling of the refund in this case. ORS 305.270(3) deals with adjustments to claims for refund. However, the department made no adjustment to a refund

---

[7] The court notes that ORS 305.270 applies to a refund of any tax. ORS 314.415 governs the time for a refund claim and ORS 305.280(2) limits the time for appeals from denials or adjustments to refund claims. Refund claims may be made within two years from payment of tax and thus have time limits similar to those of ORS 305.280(3). However, refund and appeal remedies are separate.

amount that it calculated to be due. "Adjustments" must, under ORS 305.270(3), "either increase or decrease the amount" claimed. The NPAD did neither. Instead it distributed to the department part of an unadjusted refund amount. That distribution is governed by ORS 314.415(1)(e), which permits an application of a refund due to a taxpayer, but only to another tax liability of "the taxpayer."[8] The department has never asserted that Joan Fackler had a withholding tax liability. ORS 305.270 does not bar Joan Fackler from proceeding in this court.

Under ORS 305.275, "[a]ny person may appeal under this subsection to the magistrate division of the Oregon Tax Court" if certain criteria are met. First, "[t]he person must be aggrieved by and affected by an act, omission, order or determination" of the department or other listed entity or person. ORS 305.275(1)(a). Second, "[t]he act, omission, order or determination must affect the property of the person making the appeal * * *." ORS 305.275(1)(b). Third, the taxpayer must have no other statutory right to appeal the act. ORS 305.275(1)(c).

The parties have proceeded on the basis that some portion of the refund computed to be due to taxpayers was attributable to withholdings from wages of Joan Fackler. The record is not clear as to what amount was withheld from Joan Fackler's wages and whether any such amount was used to satisfy Edwin Fackler's ORS 316.207 liabilities.[9] However, if any amount withheld from Joan Fackler's wages was used to pay such liability, that application is an act adverse to Joan Fackler and affects her property. Further, in April 2003 she had no other statutory right to appeal as to that act.[10] Accordingly, ORS 305.275 afforded Joan Fackler a right to appeal to

---

[8] While ORS 314.415(6) authorizes separate refunds from joint returns it provides no blanket authorization for the department to seize the income tax refund of one taxpayer to satisfy a withholding tax obligation of another, at least not without the ability of the taxpayer to object.

[9] That question is to be determined on the assumption that all Edwin Fackler's withholding was used first to satisfy withholding obligations and Joan Fackler's withholding was used second, or only to the extent amounts withheld from Edwin Fackler were insufficient to cover the liability under ORS 316.207.

[10] Joan Fackler was permitted to request a separate refund from the department pursuant to OAR 150-314.415(6). However, that rule appears to permit but not require application for a separate refund. Further, that process, even if it is an "appeal," is by rule and not by statute.

this court within 90 days of the time she actually became aware of the department's actions. ORS 305.280(1). Because Joan Fackler joined her husband in the amended complaint in this matter within 90 days of April 14, 2003, the date she became aware of the department's action, she came timely to this court.

The magistrate analyzed this matter as if Edwin and Joan were jointly and severally liable for the withholding tax. The magistrate concluded that by not timely appealing the NOL, "Plaintiffs lost the opportunity to argue Fackler's liability for Byers' outstanding withholding taxes." *Fackler v. Dept. of Rev.*, TC-MD 030649F, WL 22908849 at *3 (Dec 4, 2003). That analysis assumes that the NOL was issued to or binding upon both Edwin and Joan Fackler. It was not. The NOL was issued only to Edwin Fackler. Joan Fackler's involvement in this matter began on April 11, 2003, when the department applied the refund, in which she apparently had an interest, to the withholding tax obligation of Edwin Fackler. If that application had been for an income tax liability on which Joan Fackler was jointly and severally liable, this would be a different case.[11] But neither the magistrate below nor the department points to a statute that makes Joan Fackler responsible for Edwin Fackler's alleged withholding obligations, or subjects her property to those obligations.[12] Joan Fackler may proceed with her complaint regarding actions of the department.[13]

## VI. CONCLUSION

Defendant's Motion for Summary Judgment should be granted as to Edwin Fackler and denied as to Joan Fackler. Now, therefore,

---

[11] In such a case ORS 314.415(1)(e) would authorize an application of funds due to Joan Fackler against a tax liability that *she* owed.

[12] ORS 314.415(6) and OAR 150-314.415(6) speak to situations where a spouse may be entitled to a separate payment of refunds due. They do not, however, impose liability upon a spouse who does not make such a request or render the property of such a spouse subject to seizure.

[13] The foregoing analysis does not treat Joan Fackler's appeal as being from a refund adjustment. If it were so treated she would have at least 90 days, and perhaps 120 days, within which to appeal. ORS 305.280(2). Under that analysis Joan Fackler was also timely, and her failure to file objections or request a conference cannot be held against her. ORS 305.270(10).

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted as to Edwin Fackler and denied as to Joan Fackler.