IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MICHAEL T. BADEN, )
)
        Plaintiff, )  TC-MD 111282D
)
    v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
        Defendant )  **DECISION OF DISMISSAL**

Plaintiff appeals Defendant's Notices of Liability (Notices) for tax year 2003, dated June 11, 2004, and tax year 2004, dated February 10, 2005. Defendant filed a Motion for Summary Judgment on March 27, 2012. There are no factual disputes.

I.      STATEMENT OF FACTS

Plaintiff was an officer of HR Alliance, Inc (HR). (Ptf's Compl at 1.) Plaintiff sold HR, effective January 1, 2003. (*Id.*) Defendant determined that Plaintiff was personally responsible for unpaid withholding taxes of HR for tax years 2003 and 2004. (Ptf's Compl at 1; Def's Ans at 1.) On June 11, 2004, Defendant sent Plaintiff a Notice for five quarters of unpaid withholding taxes (first quarter of 2003 through the first quarter of 2004). (Def's Mot for Summ J at 1.) On February 10, 2005, Defendant issued Plaintiff a Notice for two quarters of unpaid withholding taxes (second and third quarters of 2004). (*Id.* at 1-2.) The Notices stated that Plaintiff had 30 days to request a conference with Defendant and an additional 90 days to appeal the Notices to the Oregon Tax Court. (Def's Ans, Ex. A.)

Plaintiff did not appeal the Notices (Ptf's Response to Mot for Summ J at 1; Def's Ans at 1.) Defendant issued two Distraint Warrants to Plaintiff on November 18, 2004, with an

DECISION OF DISMISSAL  TC-MD 111282D           1

aggregate balance of $106,812, and an additional Distraint Warrant on November 2, 2005.[1] (Def's Mot for Summ J, Ex. 3 at 1-2; Ptf's Amended Compl, Ex. C.) On January 7, 2005, Defendant received a letter in which Plaintiff appealed a Distraint Warrant that Plaintiff received on January 5, 2004.[2] (Def's Mot for Summ J, Ex. 4.)

Defendant applied Plaintiff's Oregon income tax refunds for tax years 2008, 2009, and 2010 to Plaintiff's outstanding liability for HR withholding taxes.[3] (Ptf's Amended Compl at 2; Def's Ans at 2.) Plaintiff made three payments to Defendant during the two calendar years preceding September 2, 2011. (*Id.*) In addition, Defendant garnished Plaintiff's checking account on June 9, 2011. (*Id.*) Plaintiff made payments against the outstanding HR withholding liability totaling $16,628. (*Id.*) On September 2, 2011, Plaintiff issued a letter to Defendant, requesting a refund of income tax refunds applied to tax years 2008 and 2009, payments made in 2009 and 2011, and the 2011 garnishment. (Ptf's Amended Compl, Ex. A; Def's Mot for Summ J, Ex. 6 at 1.) On November 30, 2011, Defendant issued a letter to Plaintiff, stating that Plaintiff's request was denied. (Ptf's Amended Compl, Ex. B; Def's Mot for Summ J, Ex. 7.) Plaintiff filed his Complaint on December 22, 2011, and an Amended Complaint on February 24, 2012. (Ptf's Compl at 1; Ptf's Amended Compl at 1.)

## II.     ISSUES

1. Did Plaintiff file a timely appeal of the Notices?

2. Did Defendant's denial of Plaintiff's refund claim allow Plaintiff to challenge the liability to which the refunds were applied?

/ / /

---

[1] There is evidence of an additional warrant dated March 17, 2006, as shown on the Notice of Garnishment dated June 2, 2011. (Ptf's Amended Compl, Ex. D.)

[2] There is no indication of a Distraint Warrant issued prior to November, 2004. Plaintiff's reference to a January 5, 2004 date appears to be a reference to January 5, 2005.

[3] Only copies of Oregon income tax distributions have been submitted to the court. The amount that Plaintiff paid through offsets, garnishments, and voluntary payments is not at issue.

III.     ANALYSIS

There were actions that Plaintiff could have taken at different points during this dispute that may have resulted in the relief sought. However, those actions were all tied to strict statutory deadlines, which Plaintiff did not meet.

A. *Timely appeal*

The first issue is whether Plaintiff filed a timely appeal of Defendant's Notices. ORS 316.207[4] is the controlling statute, which states, in pertinent part:

> "(3)(a) In the case of an employer that is assessed * * * the department may issue a notice of liability to any officer, employee or member * * * of such employer. * * * . Within 30 days from the date the notice of liability is mailed to the officer, employee or member, such officer, employee or member shall pay the assessment, plus penalties and interest, or advise the department in writing of objections to the liability and * * * request a conference.
>
> "* * * * *
>
> "(c) If neither payment nor written objection to the notice of liability is received by the department within 30 days after the notice of liability has been mailed, the notice of liability becomes final. In such event, the officer, employee or member may appeal the notice of liability to the tax court within 90 days after it became final * * *."

It is an "accepted rule of statutory construction that words of common usage be given their plain, natural, and ordinary meaning." *State v. Langley*, 314 Or 247, 256, 839 P2d 692 (1992) citing *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980). ORS 316.207(3) allows a total of 120 days for a Plaintiff to appeal the Notices. Plaintiff had 30 days to request a conference, and an additional 90 days to appeal to the Oregon Tax Court. If the time to appeal a notice of assessment under ORS 316.207 expires without Plaintiff action, Defendant's Notices become final with no further appeal rights. *See Fackler v Dept. of Rev.* (*Fackler*), 18 OTR 67

---

[4] References to the Oregon Revised Statute (ORS) 316.207 are to the 2003 edition. All other references to the ORS shall be to the 2007 edition, unless noted.

(2004). The court has no authority to create an exception to the statute. *Arnold v. Dept. of Rev.* (*Arnold*), 12 OTR 69, 72 (1991).

In the case before the court, Defendant issued two Notices. The first Notice was dated June 11, 2004, and the second was dated February 10, 2005. Plaintiff had until October 9, 2004, to appeal the first Notice to the Oregon Tax Court, and until June 10, 2005, to appeal the second Notice. Plaintiff did not file a timely appeal to dispute Defendant's Notices.

There is some indication that on January 5, 2005, Plaintiff issued a letter to Defendant contesting a Distraint Warrant issued to Plaintiff.[5] However, an appeal to a Distraint Warrant for a liability assessed pursuant to ORS 316.207 is not an effective means of appeal because "[ORS 316.207] does not provide for litigation of issues by way of actions to forestall or question collection actions of the department when timely appeal of the initial department action has not been made." *Smith v. Dept. of Rev.*, 17 OTR 135, 137-138 (2003). As the deadline (October 9, 2004) to appeal the first Notice to the Oregon Tax Court closed, Plaintiff's letter dated January 5, 2005, was not timely filed, notwithstanding the ineffectiveness of an appeal to a Distraint Warrant.

The question then becomes whether the 90 day limit stated in ORS 316.207(3)(c) is the only statutory deadline to file an appeal or whether that deadline is subject to the provision for extension of time to appeal a notice of assessment. ORS 305.280(3) states, in pertinent part:

> "* * * [A]n appeal from a notice of assessment of taxes imposed under ORS chapter 314, 316, 317 or 318 may be filed within two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid."

"[T]he provision for extension of time to appeal found in ORS 305.280(3) is applicable to appeals under ORS 305.275." *Fackler,* 18 OTR at 71-72. "The appeal right of ORS 305.275

---

[5] The second Notice was not issued until February 10, 2005, after Plaintiff appealed the distraint warrant, therefore this letter appears to be in reference to the first Notice.

applies when 'there is no other statutory right of appeal for the grievance.'" *Id.* at 72. "For persons potentially liable under ORS 316.207, there is an 'other statutory right.' It is the right to appeal stated in ORS 316.207, which contains its own time limit provision." *Id*. For appeal rights arising, "under ORS 316.207, and not under ORS 305.275 * * * the time limits of ORS 305.280(2) and the extension provision of ORS 305.280(3) do not apply."[6] *Id.*

Plaintiff, in their amended complaint, claims that an appeal from a notice of assessment of taxes imposed under ORS 316.207 may be filed within two years after the date the amount of tax, or a portion of the tax, was paid pursuant to ORS 305.270. This is not a correct interpretation, as ORS 305.270 governs claims, but not appeals. ORS 305.270(2) reads, in pertinent part that:

> "The claim shall be filed within the period specified in ORS 314.415(2) for taxes imposed under ORS chapters 310, 314, 316, 317 and 318 * * * ."

Withholding taxes are imposed under ORS 316.207, and a claim may be filed pursuant to ORS 314.415(2)(a).[7] However, a claim is not the same as an appeal, which is governed by ORS 305.280.

Plaintiff did not file an appeal of the Notices within the time allowed by ORS 316.207, and there is no other statutory authority to grant an appeal to a notice of assessment. Unfortunately, Plaintiff lost his opportunity to contest Defendant's assessment of liability and Plaintiff's liability for HR's withholding taxes is final.

---

[6] Notwithstanding ORS 316.207, the appeal extension of ORS 305.280 would be inapplicable because Plaintiff has not paid the entire tax amount outstanding. ORS 305.280 grants a two year time period to appeal a notice of assessment, but only if the assessed tax is paid. ORS 305.280(3). At the time of filing a complaint, Plaintiff had paid, through voluntary tax payments, refund offsets, and garnishments, approximately $16,628. However, at that time, the amount of tax, including penalties and interest, was in excess of $100,000. ORS 305.280(3) is only applicable if the amount of "tax, penalties, and interest have been paid in full." *Kudina v Dept. of Rev.*, TC-MC No 110782C at 1 (Feb 10, 2012). Therefore the two year extension to appeal under ORS 305.280 would be inapplicable, regardless of ORS 316.207.

[7] ORS 314.415(2)(a) states in pertinent part that "[t]he department may not allow or make a refund after three years from the time the return was filed, or two years form the time the tax (or a portion of the tax) was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270."

B.  *Denial of refund*

Because Plaintiff's liability for HR's withholding taxes is final, Defendant applied Plaintiff's individual state income tax refunds to his outstanding tax liability.  Plaintiff alleges that Defendant denied his claim for refund, and is entitled to appeal that denial.  Defendant's handling of tax refunds is controlled by ORS 305.270(1), which states, in pertinent part:

> "If the amount of the tax shown as due on a report or return originally filed with the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318 or 321 * * * is less than the amount theretofore paid, or if a person files a claim for refund of any tax paid to the department under such laws within the period specified in subsection (2) of this section, any excess tax paid shall be refunded by the department with interest as provided in this section and ORS 314.415."

The refund of excess taxes is discussed in ORS 314.415, which states in pertinent part:

> "(1) If the Department of Revenue determines pursuant to ORS 305.270 that the amount of the tax due is less than the amount theretofore paid, the excess shall be refunded by the department * * *.
>
> " * * * * *
>
> "(2)(f) Where there has been an overpayment of any tax imposed, the amount of the overpayment and interest on the overpayment shall be credited against any tax, penalty or interest then due from the taxpayer, and only the balance shall be refunded."

Defendant issued tax refunds to Plaintiff for tax years 2008, 2009, and 2010.  Those refunds were applied to Plaintiff's outstanding tax liability for the withholding taxes.  ORS 314.415 creates an entitlement to the tax refund, but "does not restrict the right of setoff.  It merely describes a form of debt. Defendant's obligation to pay the debt is no different than any other obligation from debtor to creditor. Like other debts, it may be set off against a plaintiff's obligation to the state." *Brown v. Lobdell*, 36 Or App 397, 405-406, 585 P2d 4 (1978) (citing former ORS 314.415(1)(a)).  Because Plaintiff had outstanding tax liabilities in excess of the amount requested for each tax year, Defendant applied Plaintiff's requested tax refund in satisfaction of the outstanding tax liability, within the statutory authority granted by ORS

305.270 and ORS 314.415. There is no exception to that statutory authority, and the court is without authority to make exceptions to statutory law. *Arnold*, 12 OTR at 72.

Plaintiff is also appealing the garnishment of his checking accounts. Garnishments issued by a state agency for a tax liability may be challenged within the time frames specified in ORS 18.700 (2011). ORS 18.700(2)(b) states that:

> "(2) A debtor may make a challenge to a garnishment by completing the challenge to garnishment form * * *. A challenge to a garnishment must be delivered:
>
> "* * * * *
>
> "(b) Within 30 days after a copy of the writ of garnishment is delivered to the debtor, * * *."

Defendant issued a Notice of Garnishment in compliance with ORS 18.855 (2011). Plaintiff did not challenge the garnishment, and unfortunately lost the opportunity to do so. Defendant was within its statutory authority in garnishing Plaintiff's accounts. Therefore, the garnishment of Plaintiff's accounts may not serve as the basis for an appeal to a denial of a claim for a refund.

Plaintiff is also claiming that Defendants refusal to return the voluntary payments that he made against his outstanding tax liabilities is a denial of a claim for refund. Plaintiff's liability for the outstanding HR withholding taxes has been determined, and the voluntary payments made to this outstanding tax liability are not associated with Plaintiff's personal income tax returns. Also, at the time of the filing of the complaint, after all the payments that were made to satisfy the HR withholding tax liability, voluntary or otherwise, there remains an outstanding tax liability. Any payments that were made to satisfy the outstanding HR withholding tax liability is not excess tax as stated in ORS 305.270. Therefore, the voluntary payments made against the

HR withholding tax liabilities may not serve as the basis for an appeal to a denial of a claim for a refund.

Plaintiff may not use the appeal of a denial of a claim for refund as a collateral attack against the underlying assessed tax liability. An appeal from an assessment is an independent and mutually exclusive remedy from an appeal to a refund procedure. *Utgard v. Commission* (*Utgard*), 1 OTR 274, 281-82 (1963). Partial payment of a tax and a claim for refund does not grant an additional opportunity to appeal a withholding tax assessment after the expiration of the appeal period. *See Patton v. Dept. of Rev.* (*Patton*), 18 OTR 111, 119 (2004). In *Patton*, the court concluded that "when the department initiated a claim for additional tax, the appeal process became the sole avenue for the proceeding." *Id.* at 118 (quoting *Utgard*, 1 OTR at 281). "When a taxpayer initiated matters through a claim for refund, however, refund procedures, and only those procedures, were applicable." *Id.* "[W]hen the department initiated matters through an assessment, if a taxpayer neglected to make a timely appeal from the assessment, the assessment became final and payment of the tax did not revive, create, or continue any right of a taxpayer to further appeal or claim a refund." *Id.*

The court in *Patton* relied heavily on the statutory analysis found in *Utgard* which was construing statutes that "have been renumbered, but otherwise continued in force, with one important exception." *Id.* That exception is the action of the 1999 legislature adding the appeal extension provision found in ORS 305.280(3) and collateral amendment to ORS 305.265(14).[8] *Id.* "In the case of other tax appeals governed by ORS 305.265," where ORS 305.280 does not

---

[8] ORS 305.265(14) states in pertinent part: "Assessments and billings of taxes shall be final after the expiration of the appeal period specified in ORS 305.280, except to the extent that an appeal is allowed under ORS 305.280(3) following payment of the tax."

apply, including failure to pay all taxes due, "the *Utgard* explanation remains the law."[9] *Id.* at 119. "If the department issues an assessment before a claim for refund is made, 'the legal battle must be fought out' under the procedures for assessment and appeal." *Id.* (quoting *Utgard*, 1 OTR at 282). "If a taxpayer fails to comply with the time requirements of the assessment and appeal procedures, the assessment becomes final, just as the assessment in *Utgard* became final when a timely appeal was not filed." *Id.* "The finality of an unappealed [withholding] tax assessment is not overcome by payment of tax and a claim for refund." *Id.*

Plaintiff failed to comply with the time requirements of the assessment and appeal procedures, and there is no other statutory authority to grant Plaintiff's appeal. Defendant's denial of a refund claim does not grant Plaintiff an additional opportunity to appeal Plaintiff's HR withholding tax liability.

## IV. CONCLUSION

After careful review of the pleadings and consideration of applicable law, the court concludes that Plaintiff did not timely appeal the Notices. Defendant acted within statutory authority in applying Plaintiff's refunds to his outstanding tax liability for tax years 2003 and 2004. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted.

/ / /

/ / /

---

[9] ORS 305.265 applies to withholding tax matters because ORS 305.265(1) states that it is applicable to "all reports or returns of tax * * * filed with the Department of Revenue under the revenue and tax laws administered by it * * *." Here the matters in question arose as a result of a report as to tax administered by the department. *See Patton v. Dept. of Rev.*, 18 OTR 111, 119 (2004).

IT IS FURTHER DECIDED that Plaintiff's appeal is denied.

Dated this ___ day of July 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on July 11, 2012. The Court filed and entered this document on July 11, 2012.*