IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

XUEJUN J. SMITH,                             )
                                             )
                Plaintiff,                   )       TC-MD 160196N
                                             )
        v.                                   )
                                             )
DEPARTMENT OF REVENUE,                       )
State of Oregon,                             )
                                             )
                Defendant.                   )       **FINAL DECISION**[1]

Plaintiff appeals Defendant's Notice of Refund Offset (Notice), dated April 8, 2016,

notifying Plaintiff and her spouse that their 2015 personal income tax refund was offset to pay a

debt to the U.S. Department of Education. (Compl at 2.) During the case management

conference held on June 13, 2016, the parties agreed to submit this matter to the court on written

briefings. Defendant filed its Motion for Summary Judgement (Motion) on June 30, 2016.

Plaintiff filed her Written Argument (Response) on July 29, 2016. Defendant filed its Reply to

Plaintiff's Response (Reply) on August 15, 2016. This matter is now ready for decision.

## I. STATEMENT OF FACTS

For the 2015 tax year, Plaintiff and her spouse filed joint federal and Oregon personal

income tax returns. (*See* Compl at 14-20; Def's Mot at 2, (citing Cridge Decl at 1, ¶3; Ex B).)

Their 2015 Oregon income tax return claimed an overpayment of $3,261. (Def's Mot at 2.)

Defendant did not audit or adjust Plaintiff's 2015 Oregon income tax return. (Def's Mot at 2,

---

[1] This Final Decision incorporates without change the court's Decision, entered January 30, 2017. Plaintiff filed a Statement for Costs and Disbursements on February 8, 2017, requesting an award of $252, the cost of the filing fee. *See* Tax Court Rule–Magistrate Division (TCR-MD) 16 C(1). The court did not receive an objection to that request within 14 days after its Decision was entered. *See* TCR-MD 16 C(2).

(citing Cridge Decl at 2, ¶4).) On April 8, 2016, Defendant issued a Notice to Plaintiff and her spouse stating the refund was used to pay a debt to the U.S. Department of Education. (Compl at 2-3; Def's Ex B.) Under the heading "How to request your share of a joint refund," the Notice stated in part,

> "If you are not responsible for the accounts listed in this notice because they are not your debt, you have 30 days to ask the Department of Revenue to divide the refund. We cannot divide your refund if the refund was used to pay a Writ or Notice of Garnishment, a Bankruptcy Levy, an Internal Revenue Service Levy, or a Federal Debt."

(*Id.*) The Notice further stated that, even if the taxpayer did not ask Defendant to divide the refund within 30 days, the taxpayer could still appeal to the Magistrate Division of the Oregon Tax Court within 90 days from the date of the Notice. (*Id.*) Plaintiff filed her Complaint in the Magistrate Division on April 21, 2016, requesting her 2015 Oregon income tax refund.

Plaintiff maintains that she is entitled to 100 percent of the 2015 Oregon income tax refund claimed on her joint return because she "was the sole earner of the total household income." (Ptf's Resp at 1.) She provided a 2015 Form W-2 and a 2015 Form 8379 Injured Spouse Allocation to support that assertion. (*See* Compl at 13, 17-18.) Plaintiff maintains that the debt to which her refund was applied is her spouse's student loan debt and that she "bears no responsibility to the federal debt." (Ptf's Resp at 1-2.) Plaintiff filed an injured spouse claim (Form 8379) with her joint Federal income tax return for the 2015 tax year, which was accepted, resulting in a Federal income tax refund to Plaintiff in May 2016. (*Id.* at 1; *see* Ptf's Ex 1 (a check from the U.S. Treasury to Plaintiff for 2015 tax refund).)

In 2015, Defendant entered into a reciprocal agreement with the U.S. Department of Treasury "to facilitate the offset of state payments to pay federal debts and vice versa." (Def's Mot at 2, (citing Cridge Decl at 1, ¶¶1-2; Ex A).) The agreement states, in part, that "[t]he offset

of the State payments to collect delinquent Federal nontax debts shall be conducted in accordance with 31 CFR § 285.6 and [ORS] 305.612." (Def's Ex A at 5.) The agreement provides that,

> "[i]f, after the State reduces a payment to satisfy an offset, the State determines that the debtor was never entitled to the payment, the State could net the amount to the collection cycle in which the reversal occurs or elect to have Fiscal Service deposit the reversal amount into its designated bank account via electronic funds transfer (EFT)."

(*Id.* at 6.) By its terms, the agreement is not "intended to conflict with Federal law or Oregon state law" and "Oregon is not required to take any action inconsistent with state law." (*Id.* at 7.)

## II. ANALYSIS

The ultimate issue presented is whether Plaintiff is entitled to the refund claimed on her joint 2015 Oregon income tax return. Defendant disputes the court's jurisdiction over Plaintiff's claim, so the court begins its analysis by examining its jurisdiction. (*See* Def's Mot at 3.)

A.      *Jurisdiction*

Generally, this court has jurisdiction over all questions of law and fact arising under the tax laws of Oregon. ORS 305.410.[2] The Oregon Supreme Court interpreted that statute in *Sanok v. Grimes*, 294 Or 684, 662 P2d 693 (1983). In that case the court observed:

> "On the one hand, questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws. On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences."

Applying those principles, the Court concluded that the plaintiff's tort claims were outside the jurisdiction of the tax court, but his claim "for refund of excess taxes, [was] within the express jurisdiction of the tax court." *Id.* at 698-99, (citing ORS 305.440(2), 311.806(2)). The court

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

summarized its holding as follows: "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id.* at 701.

Based on the *Sanok* holding, Defendant argues that Plaintiff's claim for relief is outside of the court's jurisdiction because there is no question of the amount of Plaintiff's underlying tax liability or overpayment. (Def's Mot for Summ J at 3.) Defendant correctly states that the issue presented in this matter is not the amount of Plaintiff's tax liability or the amount of the refund resulting from overpayment. Rather, the issue is whether Defendant was obligated to issue Plaintiff her claimed refund pursuant to ORS 314.415(7). (*See* Ptf's Resp at 2.)

This court has, in many prior instances, considered claims brought under ORS 314.415, including where the tax liability was not at issue. *See, e.g., Day v. Dept. of Rev.*, 20 OTR 220 (2010) and *Vieceli v. Dept. of Rev.*, 20 OTR 212 (2010) (each considering whether the taxpayers' refund claim was timely under ORS 314.415(2)); *Lucas v. Dept. of Rev.*, 17 OTR 9 (2003) (considering whether the defendant erred in applying refunds to deficiencies under ORS 314.415(1)). The Oregon Supreme Court has also reviewed a decision of this court under ORS 314.415. *See DeArmand v. Dept. of Rev.*, 328 Or 60, 968 P2d 1280 (1998). Implicit in each of those cases is the conclusion that this court has jurisdiction over refund claims under ORS 314.415.

More to the point, this court has specifically concluded that a taxpayer was aggrieved under ORS 305.275(1)(a) and could, therefore, file an appeal where the defendant distributed part of an unadjusted refund amount to pay her spouse's debt. *Fackler v. Dept. of Rev.*, 18 OTR 67, 73 (2004). The distribution at issue was governed by ORS 314.415(1)(e) (2001). *Id.* The court explained that, "if any amount withheld from [the taxpayer's] wages was used to pay such liability [of her spouse], that application is an act adverse to [the taxpayer] and affects her

property." *Id.* The court is satisfied that Plaintiff's claim for her separate Oregon income tax refund presents a question arising under the tax laws of this state. This court has jurisdiction over Plaintiff's claim pursuant to ORS 305.410.

B.     *Standard of Review*

Generally, this court reviews matters *de novo* and the party seeking affirmative relief bears the burden of proof by a preponderance of the evidence. ORS 305.425(1), 305.427. This court reviews certain actions taken by Defendant under an abuse of discretion standard. *See ADX Kentrox v. Dept. of Rev.*, 19 OTR 91, 94 (2006). When the legislature has expressly granted Defendant discretionary decision-making power, the court departs from its *de novo* review and applies an abuse of discretion standard. *See id.* at 94-97. For instance, ORS 306.115(3) states, in pertinent part, that Defendant "may order a change or correction" if it "discovers reason to correct the roll which, *in its discretion*, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal." (Emphasis added.)

Here, ORS 314.415(7) states that "[i]f a joint return is filed, the department may make separate refunds at the request of either spouse." The term "may" is "often viewed as a purely discretionary term," but it "can be read to indicate a mandatory requirement when to do so reflects the legislature's intent." *State v. Guzek*, 342 Or 345, 356, 153 P 3d 101 (2007). The verb "may" in ORS 314.415(7) must be read in its statutory context. *See State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009) (holding that the first step in statutory construction "remains an examination of the text and context."). ORS 314.415(1) *requires* Defendant to issue refunds, as indicated by use of the word "shall." *See Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) (quoting the dictionary definition of "shall"). Other subsections of ORS 314.415 restrict

Defendant's duty to issue refunds through limits on the time for claiming the refund, the amount of the refund, and interest on the refund.

ORS 314.415(7) — at issue here — states that Defendant "may make separate refunds at the request of either spouse." The court understands subsection (7) to mean that Defendant has the authority to make separate refunds when so requested, but otherwise is not required to make separate refunds absent a valid and timely request to do so. In its statutory context, "may" is not a grant to Defendant of discretionary decision-making authority over refund claims. As a result, the court applies the general *de novo* standard of review in this case.

C.      *Claim for Separate Refund*

"It has long been recognized by [the United States Tax Court] that a husband and wife are treated as separate taxpayers even where they have filed a joint return." *Michelson v. Comm'r*, 73 TCM (CCH) 1809 (1997). It follows that, when spouses file a joint income tax return, each spouse has a separate interest in any overpayment. Rev Rul 74-611 (1974), *citing Maragon v. United States*, 153 F Supp 365 (Ct Cl 1957). "The Tax Court has repeatedly held that the filing of a joint return does not have the effect of converting the income of one spouse into the income of the other." *Id.* The IRS has created a process whereby an "injured spouse" may request his or her share of a refund from a joint return even where the Treasury Secretary is otherwise authorized to offset the refund to pay the other spouse's debt. *See* IRC § 6402 (authorizing the Secretary to offset a refund); 31 CFR § 285.2(f) (stating that the IRS will pay a person his or her share of the refund if that person "takes appropriate action to secure his or proper share of a tax refund from which an offset was made); Rev Rul 80-7 (1980) (addressing the proper method to determine the overpayment amount that may be credited to each spouse's separate liability); IRS Form 8379 (providing the proper form to request injured spouse allocation from the IRS).

Like the U.S. Tax Court, this court has recognized the right of each spouse to claim his or her share of a joint refund. *Fackler*, 18 OTR at 72-74. In *Fackler*, the defendant had offset a joint refund to pay a withholding liability of the husband; the defendant never asserted that the wife had a withholding tax liability. *Id.* at 73. The court observed that ORS 314.415(1)(e) (2001)[3] "permit[ed] an application of a refund due to a taxpayer, but only to another tax liability of '*the taxpayer.*'" *Id.* (emphasis added). Although ORS 314.415(6) (2001)[4] "authorizes separate refunds from joint refunds it provides no blanket authorization for the department to seize the income tax refund of one taxpayer to satisfy a withholding tax obligation of another, at least not without the ability of the taxpayer to object." *Id.* at n7.

Thus, under both federal and Oregon law, each spouse filing a joint return is a separate taxpayer who holds a property interest in his or her share of a joint refund. Here, Plaintiff timely requested her separate refund pursuant to ORS 314.415(7). She presented evidence that she earned 100 percent of the income reported on her joint 2015 Oregon income tax return. Therefore, the overpayment of tax was due entirely to her. Plaintiff also submitted an injured spouse claim to the IRS for the 2015 tax year and presented evidence that her claim was accepted. Plaintiff has demonstrated that she is entitled to a separate 2015 Oregon income tax refund.

D.      *Defendant's Authority to Offset Refund notwithstanding Plaintiff's Separate Interest*

Defendant maintains that—pursuant to its reciprocal agreement with the U.S. Department of the Treasury and to chapter 31 of the Code of Federal Regulations (CFR), section 285.6(k)(1)(i)— it was required to offset Plaintiff's 2015 Oregon income tax refund to pay her

---

[3] This statutory subsection was renumbered to ORS 314.415(2)(f) (2015).

[4] This statutory subsection was renumbered ORS 314.415(7) (2015).

spouse's debt to the U.S. Department of Education. (*See* Def's Mot at 4-5, Reply at 2.) Chapter 31 CFR section 285.6(k)(1)(i) states that, for state tax overpayments, "[i]f a payment is owed jointly to more than one payee, the entire payment shall be offset for a debt of either payee, unless otherwise prohibited by law or regulation." Defendant maintains that it "found no prohibition under Oregon law or administrative rule providing that the state cannot offset the entire tax overpayment owed to joint filers." (Def's Mot at 5.) Defendant further notes that, even if such prohibition existed under Oregon law, "the reciprocal agreement does not address such a prohibition as required by 31 CFR § 285.6(k)(2)." (Def's Mot at 5.) Finally, Defendant argues that it "would have no recourse to recover the money from the federal government" if the court grants Plaintiff's requested relief. (*Id.* at 6.) Although the reciprocal agreement includes a provision allowing Defendant to net later payments if it determines that "the debtor was never entitled to the payment[,]" Defendant finds that provision inapplicable here because "the taxpayers are entitled to the overpayment claimed[.]" (*Id.*)

The court disagrees with Defendant that 31 CFR section 285.6(k)(1)(i) applies to Plaintiff's refund claim. By its terms, that regulation applies to payments "*owed jointly* to more than one payee." (Emphasis added.) As discussed above, each spouse filing a joint return is a distinct taxpayer with a separate interest in his or her share of the refund. Here, Plaintiff timely requested a separate refund and presented evidence that the overpayment of tax reported on her joint 2015 Oregon income tax return was due entirely to her. Thus, the 2015 Oregon income tax refund — the "payment" — was owed *solely* to Plaintiff; it was not *owed jointly* to Plaintiff and her spouse. By contrast, the federal debt to which Plaintiff's 2015 Oregon income tax refund was applied belonged solely to Plaintiff's spouse, not to Plaintiff. Thus, the 2015 Oregon

income tax refund due to Plaintiff was not subject to offset pursuant to the reciprocal agreement. Defendant erroneously offset Plaintiff's 2015 Oregon income tax refund to pay the debt of her spouse.[5]

Defendant raised a concern that it could not recover the funds it sent to the U.S. Treasury Department because the provision of the reciprocal agreement permitting Defendant to net later payments does not apply to the facts presented here. The reciprocal agreement permits Defendant to net the amount paid to the U.S. Treasury Department if "the State determines that the debtor was never entitled to the payment[.]" (Def's Ex A at 6.) In granting Plaintiff's requested relief, the court has concluded that Plaintiff's spouse — "the debtor" — was never entitled to the refund — "the payment" — shown on the joint 2015 Oregon income tax return.

## III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff was entitled to 100 percent of her claimed 2015 Oregon income tax refund. Plaintiff's refund was not subject to offset under Defendant's reciprocal agreement with the U.S. Treasury Department. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[5] The outcome here might be different if Plaintiff had not timely requested a separate refund. ORS 314.415(7) conditions Defendant's authority to make separate refunds on receiving a request from either spouse.

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Plaintiff's appeal is granted.

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements in the amount of $252 is granted.

Dated this ___ day of February 2017.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on February 24, 2017.*