IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

WILLY G. ERIKSEN,                            )
                                             )
                    Plaintiff,               )    TC-MD 250430N
                                             )
          v.                                 )
                                             )
DEPARTMENT OF REVENUE,                       )
State of Oregon,                             )
                                             )
                    Defendant.               )    **DECISION OF DISMISSAL**

       This matter came before the court on Defendant's Motion to Dismiss (Motion), alleging

that Plaintiff's Complaint was not timely filed with the court.  Plaintiff filed a Response to the

Motion.  This matter is now ready for the court's determination.

## I.  STATEMENT OF FACTS

       Plaintiff filed his Complaint on June 5, 2025,[1] requesting "[a]batement of all Oregon

withholding liability assessed against [Plaintiff] with respect to Western Pacific Truck School of

Oregon, LLC."  (Compl at 1.)  Plaintiff identified the tax periods at issue as each of the quarters

ending September 30, 2021, through December 31, 2023.  (*Id.*)  Plaintiff disputes that he is

personally liable for outstanding payroll tax obligations, alleging that "he did not willfully fail to

collect or remit these taxes, nor did he have actual knowledge of the non-payment at the time it

occurred."  (*Id.* at 2.)  Instead, Plaintiff alleges that a long-term employee "engaged in a

deliberate and concealed embezzlement scheme in which she misappropriated funds intended for

payroll tax obligations."  (*Id.*)  Plaintiff attached to his Complaint several Distraint Warrants that

were issued to him by Defendant regarding tax, "penalties/fees," and interest owed.  (*Id.* at 4-6.)

_____

       [1] Plaintiff's Complaint is considered filed on the date it was postmarked, June 5, 2025.  ORS 305.418(2).
The court's references to the Oregon Revised Statutes (ORS) are to 2023.

DECISION OF DISMISSAL  TC-MD 250430N                                                          1

Defendant moved to dismiss Plaintiff's Complaint as untimely and attached Notices of Liability to support its Motion. Those notices, correlated to the periods at issue, are as follows:

| Notice date | Tax Periods |
|---|---|
| May 18, 2023 | Sep 30, 2021; Dec 31, 2021; Mar 31, 2022; Jun 30, 2022; Sep 30, 2022; Dec 31, 2022 |
| May 30, 2023 | Mar 31, 2023 |
| Aug 23, 2023 | Jun 30, 2023 |
| Jan 26, 2024 | Sep 30, 2023 |

(Def's Mot at 1, Exs 1-4.) The notices stated that "[b]y law, responsible officers, employees, and members must pay" the identified tax debt if the business fails to pay. (*Id*.) Each notice was sent to Plaintiff at the same address that appears on the Distraint Warrants, as well as on Plaintiff's Complaint. (*See id.*; Compl at 1.) Plaintiff appears to acknowledge that it is his home address. (Ptf's Resp at 2.) Defendant alleges that it has "never issued a Notice of Liability for Dec 31, 2023." (Def's Mot at 1.)

## II. ANALYSIS

The issue presented is whether Plaintiff's appeal was timely filed for the tax periods ending September 30, 2021, through September 30, 2023. Plaintiff's appeal for the tax period ending December 31, 2023, is dismissed because Plaintiff has not identified any act, omission, order or determination by Defendant for that period. Plaintiff is not, therefore, aggrieved under ORS 305.275(1)(a) with respect to the tax period ending December 31, 2023.[2]

Defendant argues that Plaintiff's appeal is untimely under ORS 316.207(3) and must, therefore, be dismissed. (Def's Mot at 1-2.) Plaintiff makes several arguments in response: (1) that Defendant "has not demonstrated that proper and effective notice was provided to []

---

[2] To appeal to this court, a "person must be aggrieved by and affected by an act, omission, order or determination of * * * [t]he Department of Revenue in its administration of the revenue and tax laws of this state." ORS 305.275(1)(a)(A).

Plaintiff * * * thereby failing to trigger the statutory appeal clock under ORS 316.207(3)";

(2) that it was not enough for Defendant to mail notices to Plaintiff's home address, Defendant was required to provide "evidence of actual delivery or receipt"; and (3) that, even if Plaintiff's appeal is untimely, the court should apply equitable tolling based on extraordinary circumstances. (Ptf's Resp at 1-3.)

A.      *Applicable Statute of Limitation and Timeliness of Appeal*

ORS 316.207 concerns employer liability for taxes withheld from employee wages. The Oregon Supreme Court has explained that "ORS 316.207(3) applies when an employer files the required withholding tax return but fails to pay the amount due." *Robblee v. Dept. of Rev.*, 325 Or 515, 523, 942 P2d 765 (1997). Under ORS 316.207(3)(a), Defendant "may issue a notice of liability to any officer, employee or member" of an employer responsible for remitting employee withholding. The recipient of the notice of liability has 30 days from the mailing date to either pay the assessment in full or file a written objection or conference request with Defendant. *Id.*

> "If neither payment nor written objection to the notice of liability is received by the department within 30 days after the notice of liability has been mailed, the notice of liability becomes final. In this event, the officer, employee or member may appeal the notice of liability to the tax court within 90 days after it became final in the manner provided for an appeal from a notice of assessment."

ORS 316.207(3)(c). Thus, a taxpayer who neither files a written objection nor requests a conference has 120 days to appeal to this court. *See also Fackler v. Dept. of Rev.*, 18 OTR 67, 69-70 (2004) (taxpayer who did not file a written objection under ORS 316.207(3)(a) had 120 days to appeal to this court from a notice of liability).

Plaintiff's appeal is untimely under ORS 316.207(3). The last notice of liability was dated January 26, 2024, and Plaintiff's Complaint was filed nearly one and one-half years later on June 5, 2025. The court next considers Plaintiff's arguments for a different outcome.

B.     *Effectiveness of Notice, Equitable Tolling*

Plaintiff argues that the deadline to appeal in ORS 316.207(3) was not triggered because Defendant's notices of liability were ineffective in some manner. Plaintiff does not identify how the notices or Defendant's procedures failed to conform to statute. Even assuming some defect existed, the Oregon Supreme Court has explained that an employer "is assessed" for withholding tax when a return is filed. *Robblee*, 325 Or at 523-24. The notice of liability serves to inform "officers or employees of their personal liability for any unpaid amount * * *." *Id.* at 523-24. A notice is valid when Defendant follows "statutory requirements" and effective when its substance is correct: that is, it informs the recipient that Defendant "deemed him to be personally liable for the unpaid withholding taxes" and explains that he is "entitled to appeal * * * within the time limits prescribed by ORS 316.207(3)." *Id.* at 523. Here, Plaintiff has identified no defect, substantive or otherwise, in the notices of liability.

Plaintiff next argues that Defendant was obliged to provide "evidence of actual delivery or receipt" of the notices. (Ptf's Resp at 2.) It is unclear what Oregon authority Plaintiff relies on for that argument.[3] ORS 316.207(3) requires that Defendant "mail" notices to the employer. It similarly ties the employer's response deadlines to the mailing date.[4] ORS 316.207(3)(c) permits a taxpayer to appeal a notice of liability "in the manner provided for an appeal from a notice of assessment." When Defendant issues a notice of assessment, "[m]ailing of notice to the person at the person's last-known address" is sufficient. ORS 305.265(11).[5] Plaintiff has not

---

[3] Plaintiff cites to provisions of the Internal Revenue Code and related regulations.

[4] By contrast, other statutes set deadlines based on taxpayer's actual knowledge. *See* ORS 305.280(1).

[5] The court in *Fackler* noted that certain provisions of ORS 305.265 likely do not apply in the context of ORS 316.207, but did not mention the notice provision. 18 OTR at 72 (noting that ORS 305.265(14), making assessments final after expiration of the appeal period in ORS 305.280, likely did not apply).

alleged that Defendant's notices of liability were sent to the incorrect address, or that he did not receive them.[6] The court finds no basis to conclude that Defendant failed to comply with mailing or other notice requirements under ORS 316.207(3).

Finally, Plaintiff argues that this court should apply the doctrine of equitable tolling to extend the statute of limitations. (Ptf's Resp at 3.[7]) Equitable tolling permits the court to "set aside statutory deadlines when a taxpayer misses those deadlines for reasons personal to the taxpayer." *Webb v. Dept. of Rev.*, 18 OTR 381, 384 n 3 (2005). The federal courts apply equitable tolling "sparingly" in two circumstances: "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *DeArmond v. Dept. of Rev.*, 14 OTR 112, 117 (1997), *citing Irwin v. Dept. of Veterans Affairs*, 498 US 89, 111 S Ct 453, 112 L Ed 2d 435 (1990) (internal quotation marks omitted). Some circuit courts do not apply equitable tolling in tax refund cases. *Id.* Following those cases, this court declined to apply the doctrine to a refund claim made after the three-year deadline had passed, even though the taxpayer's claim did not arise until after the period had expired. *Id.* The present case concerns liabilities rather than refunds. Even so, Plaintiff has not alleged any facts that would support application of equitable tolling, and the court declines to do so.

/ / /

---

[6] Plaintiff stops short of alleging that he never received the notices. He writes that the notices were "likely never received." (Ptf's Resp at 2.) Elsewhere, Plaintiff alleges that the business manager who acted fraudulently "failed to forward correspondence from the Department of Revenue, if any was received at all." (*Id.* at 1.) Yet, the notices of liability were sent to Plaintiff's home address, so it is unclear how the manager would have prevented delivery to Plaintiff. (*See id.* at 2.)

[7] Plaintiff cites to a case, "*Benson v. DOR*, TC-MD 120694C (Or. Tax. Ct. Magis. Div. 2012), where the court evaluated equitable factors in determining procedural default." (Ptf's Resp at 3.) No such case exists.

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff's appeal for the tax periods ending September 30, 2021, through September 30, 2023, is untimely under ORS 316.207(3) and must be dismissed. Plaintiff's appeal for the tax period ending December 31, 2023, is dismissed because Plaintiff is not aggrieved under ORS 305.275(1)(a). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Boomer and entered on October 2, 2025.*